PEOPLE v KOCH

1. CRIMINAL LAW—SENTENCING—PRIOR CONVICTIONS—EVIDENCE—AF-
FIDAVIT OF JUDGE.

   A trial judge's finding that a defendant had waived his right to
   assistance of counsel at the time of a prior conviction and that
   the prior conviction was valid is not erroneous when based
   upon an affidavit executed by the judge who presided at the
   prior conviction and sentencing; such an affidavit, executed by
   a judge acting in his official capacity as a member of the
   judiciary and based upon notations in his own handwriting
   contained in the court record, is the functional equivalent of
   the record itself.                                              .

2. CRIMINAL LAW—SENTENCING—PRIOR CONVICTIONS.

   A defendant's claim that his sentence is based in part upon the
   sentencing judge's consideration of an invalid prior conviction
   does not require remand for resentencing where the record
   indicates that the sentencing judge disclaimed any reliance
   whatsoever upon the prior conviction and stated that there was
   no likelihood that a different sentence would be imposed in the
   event of a resentencing, and where the defendant's other
   validly obtained prior felony convictions provide an ample basis
   for imposition of the maximum statutory penalty which was
   imposed.

Appeal from Van Buren, David Anderson, Jr., J.
Submitted January 5, 1977, at Lansing. (Docket
No. 20390.) Decided March 3, 1977.

Ramon L. Koch was convicted, on his plea of
guilty, of receiving and concealing stolen property.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 3.
[2] 21 Am Jur 2d, Criminal Law § 546.

*Derengoski,* Solicitor General, and *Frank D. Willis,* Prosecuting Attorney (Prosecuting Attorneys Appellate Unit, *Mark I. Leach,* Assistant Attorney General), for the people.

*Steven L. Schwartz,* Assistant State Appellate Defender, for defendant.

Before: DANHOF, C. J., and BASHARA and R. M. MAHER, JJ.

PER CURIAM. Defendant was convicted on his plea of guilty to the charge of receiving and concealing stolen property, contrary to MCLA 750.535; MSA 28.803. He was sentenced to prison and appeals by right.

Defendant's first claim on appeal was decided adversely to him in *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974).

Next, defendant challenges the use of two prior convictions listed in the presentence report for purposes of imposing sentence under the holdings of the United States Supreme Court in *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972), and the Michigan Supreme Court in *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974), claiming that he was not informed of his right to, nor provided with, assistance of counsel when the two convictions in question were obtained. At the sentencing defense counsel informed the judge that although he had seen the lengthy presentence report he had not had time to review it with his client to determine the accuracy of the list of prior convictions noted therein and "whether or not all of the procedural safeguards were provided". This prompted the sentencing judge to inquire into the prior convictions and defendant acknowledged a total of seven, including

six felonies, whereupon the judge proceeded to impose sentence.

After the sentencing defendant obtained an order from this Court directing the sentencing judge to conduct a *Tucker* hearing to inquire into the validity of two of the prior convictions and determine whether resentencing was necessary. At the close of the *Tucker* hearing the trial judge ruled that one of the convictions was validly obtained, that the other conviction had not been considered in imposing sentence, and that therefore resentencing was unnecessary. Defendant now contends that the trial judge's determinations at the *Tucker* hearing were erroneous, and that resentencing is required under *Tucker* and *Moore*. We will consider each conviction separately.

With regard to the first, a Michigan breaking and entering conviction, the sentencing judge found at the *Tucker* hearing that defendant had validly waived his right to assistance of counsel.[1] This finding was based upon the affidavit of Kalamazoo County Circuit Judge Raymond W. Fox, who presided at defendant's arraignments on the breaking and entering charge in July of 1963. The affidavit states that the inside cover of the court file contained Judge Fox's handwritten notes, which read as follows: (a) "July 22, 1963—Information read—Wants no attorney, guilty refused." (b) "July 29, 1963—Amended Information read—Wants no attorney, Plea: Guilty—2nd Count—Ac-

---

[1] The sentencing judge later indicated some confusion on this point when he found that defendant was represented by counsel. His confusion is understandable, since defendant was represented by counsel at the sentencing on the 1963 breaking and entering charge to which he pleaded guilty, at which time defendant was also sentenced on a forgery charge. In view of our holding with respect to the adequacy of the trial judge's affidavit, however, we deem the sentencing judge's apparent confusion at the *Tucker* hearing unimportant.

cepted—Bail, $1,000.00." The obvious inference from these notations is that defendant was informed of his right to counsel, but declined to exercise that right, and we cannot say that the sentencing judge's finding at the *Tucker* hearing that defendant waived his right to counsel was erroneous. Although Judge Fox's affidavit is not a "photocop[y] of records establishing the constitutional validity of the prior conviction", *Moore, supra* at 441, we do not read *Moore* to say that a judge's affidavit, based on notations written on court records in his own hand, may not be used to establish the constitutional validity of the prior conviction. When a judge, acting in his official capacity as a member of the judiciary, executes a sworn affidavit based upon notations in his own handwriting contained in the court record, such an affidavit is the functional equivalent of the record itself.

Defendant also claims that the sentencing judge erred in considering his 1962 Idaho vagrancy conviction. Since the Idaho authorities did not respond to defendant's request for copies of the records of the sentencing court within the reasonable time indicated in *Moore, supra* at 441, we are constrained to agree with defendant that the prosecutor failed to carry the burden that then fell to him of establishing the constitutional validity of the conviction. This does not end our inquiry, however. Under *Moore, supra,* defendant merely met the procedural requirements that must be satisfied before a defendant is entitled to a *Tucker* hearing by presenting evidence that the Idaho authorities had failed to respond to his request for records. In support of his claim that resentencing is required, however, defendant cites only the following exchange during the sentencing:

"THE COURT: And in October of 1962 at Hillview, Idaho, you were convicted of vagrancy?
"DEFENDANT: Yes, sir.
"THE COURT: I didn't know they did that any more.
"DEFENDANT: Vagrancy for investigation."

At the *Tucker* hearing the sentencing judge stated that "no consideration was given to the vagrancy conviction, although it was recited, and it had no effect upon the sentence, and, therefore, is not a basis for granting a resentencing, because there is no likelihood that there would be a different sentence on that point".

In *Moore, supra,* the Supreme Court declined to apply a harmless error rule to defendant's *Tucker* claim because "in most cases a judge can more readily resentence a convicted person than determine whether whatever consideration was given an invalid conviction at sentencing was harmless". *Id.* 439. The court went on to note that "a determination of harmlessness would invite further appeal". *Id.* In the instant case, however, the sentencing judge who presided at the *Tucker* hearing did not hold that his reliance on the 1962 vagrancy conviction was harmless error, but rather disclaimed any reliance whatsoever upon the vagrancy conviction in imposing sentence. His statement at sentencing that he "didn't know they did that any more" lends credence to that disclaimer. Certainly defendant's six validly obtained felony convictions provided an ample basis for imposing the maximum statutory penalty. "[M]ore importantly, the United States Supreme Court has indicated that the question is whether the sentence 'might have been different' if the sentencing judge had known that the earlier convictions had been unconstitutionally obtained." *Moore, supra* at 439. Here the sentencing judge affirmatively stated at

the *Tucker* hearing not only that he did not rely on the vagrancy conviction in imposing sentence, but also that "there is no likelihood that there would be a different sentence on that point".

Given that the record of the sentencing contains support for the sentencing judge's disclaimer of reliance on the vagrancy conviction, and given that there is no likelihood that a different sentence might be imposed were we to remand for resentencing, we decline to order a resentencing in this case. The record does not make it "evident that the sentencing judge gave specific consideration" to defendant's previous invalid conviction before imposing sentence, *Tucker, supra* at 447; *Moore, supra* at 440, and there is therefore no possibility that the sentence " '*might* have been different' if the sentencing judge had known that the earlier convictions had been unconstitutionally obtained". *Moore, supra* at 439, quoting *Tucker, supra* at 448. See *People v Ford,* 47 Mich App 420; 209 NW2d 507 (1973).

Affirmed.