PEOPLE v DAVIS

Docket No. 49674. Submitted September 3, 1980, at Grand Rapids.—
Decided October 24, 1980.

Dennis Davis pled guilty to first-degree criminal sexual conduct
and possession of a firearm while committing criminal sexual
conduct and was sentenced to prison, Clare Circuit Court, Paul
F. O'Connell, J. He appeals, alleging that the sentence imposed
constituted cruel and unusual punishment, that the court
considered inaccurate or improper information in a presentence
report when determining the sentence, and that the factual
basis for his pleas of guilty to the charged offenses were
insufficient. *Held:*

1. The maximum sentence imposed by the trial court was
well within the statutory maximum, and the minimum sen-
tence was less than two-thirds of the maximum. In addition,
the sentence neither shocks the conscience of the Court of
Appeals, nor is it disproportionate to the crime committed.

2. The trial court disclaimed reliance on a subjective evalua-
tion in that part of the presentence report to which defense
counsel objected prior to imposing sentence. There was no error
on this issue.

3. There was sufficient factual basis for defendant's guilty
pleas. He had constructive possession of a weapon during the
act of sexual penetration.

Affirmed.

1. WORDS AND PHRASES — ACTUAL POSSESSION — CONSTRUCTIVE POS-
SESSION — CRIMINAL LAW.

The term possession, in a criminal context includes both actual
and constructive possession; a person has constructive posses-
sion where he has proximity to an article together with indicia
of control.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 79 Am Jur 2d, Weapons and Firearms § 7 *et seq.*
[2] 79 Am Jur 2d, Weapons and Firearms §§ 12-14.
Statutory presumption of possession of weapon by occupants of
place or vehicle where it was found. 87 ALR3d 949.
[4] 65 Am Jur 2d, Rape § 4.

2. PROSECUTING ATTORNEYS — CONCEALED WEAPONS — PROOFS NECES-
SARY FOR CONVICTION — CRIMINAL LAW — STATUTES.

A prosecutor need not prove physical possession of a weapon in
order to obtain a conviction for carrying a weapon without a
license in a vehicle operated or occupied by a defendant (MCL
750.227; MSA 28.424).

3. WEAPONS — POSSESSION OF FIREARMS DURING COMMISSION OF FELO-
NIES — GROUNDS FOR SUSTAINING CONVICTIONS — CRIMINAL
LAW.

An actor need not have a weapon in his hands while committing
a felony to sustain a conviction of possession of a deadly
firearm during the commission thereof so long as he has
knowledge of its location and it is reasonably accessible to him.

4. CRIMINAL LAW — FIRST-DEGREE CRIMINAL SEXUAL CONDUCT —
CONSTRUCTIVE POSSESSION OF WEAPONS — STATUTES.

A person is armed within the meaning of the statute proscribing
criminal sexual conduct in the first degree where he has
constructive possession of a weapon (MCL 750.520b[1][e]; MSA
28.788[2][1][e]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard S. Allen,* Prosecuting Attorney (by *Thomas C. Nelson,* Assistant Attorney General, Prosecuting Appellate Service), for the people.

*Thomas P. McLaughlin, Jr.,* for defendant on appeal.

Before: MACKENZIE, P.J., and ALLEN and D. F. WALSH, JJ.

PER CURIAM. Defendant was charged in a four-count information with (1) criminal sexual conduct, (2) possession of a firearm while committing criminal sexual conduct, (3) armed robbery, and (4) possession of a firearm while committing armed robbery. Pursuant to a plea agreement, counts three and four were dropped, and defendant pled guilty to counts one and two. On November 5, 1979, he was sentenced to prison for 8 to 20 years

for violation of count one and two years in prison for violation of count two. He appeals of right, claiming four grounds for reversal or resentencing.

At the plea-taking hearing, defendant stated that he and a codefendant, Walker, went to the complainant's cabin at about 4 a.m., that both were armed and wearing nylon stocking masks, that they opened the cabin door and entered, that one of the two female occupants awakened, that they took the purse of one of the occupants and three bottles of liquor and left, that later they returned still armed and took both girls to the beach, that defendant was carrying a .22-caliber rifle when he "took" complainant to the beach, that, upon reaching the beach, he threw the weapon down and proceeded to have intercourse with the victim, and that during the period of intercourse, the gun lay approximately six feet away.

Of the four grounds which defendant raises as reasons for reversal, two may be disposed of peremptorily.[1] First-degree criminal sexual conduct is punishable by life imprisonment or any term of years. The maximum sentence imposed by the court was well within the statutory maximum, and the minimum was less than two-thirds of the maximum. Thus, the sentence complied with *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972). Though defendant was only 18 years of age and had never been charged with an offense before, the seriousness of the act and the bizarre circumstances under which it was committed lead us to conclude that the prison term imposed by the court neither shocks the conscience of this Court

[1] That the sentence of 8 to 20 years imprisonment was cruel and unusual punishment, and that the court considered inaccurate or improper information contained in the presentence report when sentencing defendant.

nor is disproportionate to the crime committed. *People v Jackson,* 29 Mich App 654, 656; 185 NW2d 608 (1971).

At sentencing, counsel for defendant objected to a statement in the presentence report that the defendant's attitude evidenced "a lack of caring for things". The court responded that "the court will disregard those portions which you felt were injurious to the well being of your client". Given the fact that the trial judge disclaimed reliance on the subjective evaluation in that part of the report to which counsel objected, we find no error. *People v Koch,* 74 Mich App 132, 137; 253 NW2d 684 (1977).

The principal ground on which defendant relies for reversal is that at the time of sexual penetration defendant was not armed with a weapon. Penetration occurred at the beach, at which time the gun was lying approximately six feet away. First-degree criminal sexual conduct is defined as follows:

> "A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exist:
> "(e) *The actor is armed with a weapon* or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a weapon." MCL 750.520b(1)(e); MSA 28.788(2)(1)(e). (Emphasis supplied.)

The issue raised is of first impression. Is an actor "armed with a weapon", as that term is used in the statute defining first-degree criminal sexual conduct, if, at the time of sexual penetration, the actor is not physically holding the rifle but the rifle lies some six feet away?

While there are no Michigan cases directly on

point, tangential Michigan case law suggests that the answer is "yes". Thus, the term "possession" has been held to include both actual and constructive possession. *People v Mumford,* 60 Mich App 279, 282-283; 230 NW2d 395 (1975). One has constructive possession if one has proximity to the article together with indicia of control. *Mumford, supra, People v Harper,* 365 Mich 494, 506-507; 113 NW2d 808 (1962). In *People v Little,* 58 Mich App 12; 226 NW2d 735 (1975), our Court held the prosecution need not prove physical possession of weapons in order to convict under a statute reading in pertinent part: "Any person who shall carry a * * * dangerous weapon * * * in any vehicle operated or occupied by him * * * shall be guilty of a felony * * *." MCL 750.227; MSA 28.424. In *People v Khan,* 80 Mich App 605; 264 NW2d 360 (1978), a case factually similar to the situation before us, defendant pulled the complainant into a garage and had intercourse with her after he first had pointed a rifle at complainant's brother and had threatened to kill her sister. Defendant had dropped the rifle before dragging complainant into the garage. The Court sustained a conviction of third-degree criminal sexual conduct saying:

"In the instant case, complainant had witnessed defendant pointing a rifle at her brother, had heard defendant threaten to kill her sister and had received a hard slap from defendant when she spurned his advances. At the very least, then, the jury could have interpreted the slap as a 'threat * * * to use force or violence' and it could have considered the availability of the rifle together with the defendant's previous threatening words and deeds as justifying a belief in complainant that defendant 'ha[d] the present ability to execute these threats'. Accordingly, we rule that testimony concerning the rifle constituted relevant and material evidence, *People v Oliphant,* 399 Mich 472,

488-489; 250 NW2d 443 (1976), properly admitted in the trial court's discretion. *Id.* at 490, *People v Der Martzex,* 390 Mich 410, 415; 213 NW2d 97 (1973)." 80 Mich App 605, 610.

Our decision that the actor need not have the weapon in his hands while committing the offense charged, so long as he has knowledge of the weapon's location and the weapon is reasonably accessible to the actor, is supported by two decisions from another jurisdiction. In *Mack v State,* 312 A2d 319 (Del, 1973), defendant's conviction of possession of a deadly firearm during commission of a felony (possession of narcotics with intent to sell) was sustained even though the loaded gun was found in a chest of drawers separate and apart from the dresser in which the narcotics were found.[2] In *Wilson v State,* 343 A2d 613 (Del, 1975), the Delaware Supreme Court sustained a conviction of possession of a deadly firearm during the commission of a felony even though the weapons were located some 25 feet from the place where the narcotics were found.

Under either the knowledge, proximity, and indicia of control test laid down in the Michigan cases or the accessibility test announced in Delaware, we find defendant had constructive possession of the weapon when penetration occurred. Lying but six feet away, with no persons present other than the two victims and the codefendant, the weapon was clearly within defendant's control. Furthermore, the instant case being a conviction

[2] "As used in this Statute, we think that the word 'possession' has a more limited meaning; that it requires the elements of availability and accessibility. We hold that a felon is in 'possession' of a deadly weapon, within the meaning of § 468A, only when it is physically available or accessible to him during the commission of the crime. General 'dominion and control' of a weapon located elsewhere, and not reasonably accessible to the felon, obviously is not the test under § 468A." 312 A2d 319, 322.

by plea, an inference of control may be drawn. *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975). Accordingly, we hold that defendant was "armed" within the meaning of MCL 750.520b(1)(e); MSA 28.788(2)(1)(e) and that his plea of guilty to counts one and two was sufficient.

Affirmed.