PEOPLE v MYERS

Docket No. 82189. Submitted January 8, 1986, at Grand Rapids. Decided May 13, 1986.

Defendant, Kurt D. Myers, was charged with possession of marijuana with intent to deliver and possession of a firearm during the commission of a felony, Calhoun Circuit Court. On January 29, 1984, police arrived at defendant's home to execute a search warrant. Defendant answered the door in his underwear, whereupon he was arrested and, shortly thereafter, handcuffed. A large bag of marijuana was found in the front room on the television. A further search of the house revealed two smaller baggies of marijuana and several firearms in a gun cabinet in defendant's upstairs bedroom and the adjoining attic. Defendant was convicted, on his plea of guilty, of possession of marijuana with intent to deliver, Stanley E. Everett, J. The plea resulted from a plea bargain wherein the charge of possession of a firearm during the commission of a felony was dismissed and the prosecution made no recommendation at the time of sentencing. Defendant appealed. *Held:*

The plea bargain was illusory. Under the facts of the case, defendant could not have been convicted of felony-firearm. A person carries or has in possession of firearm during a felony when the person has physical possession of the weapon or when the weapon is available and accessible to the person during the felony.

Reversed and remanded.

CRIMINAL LAW — FELONY-FIREARM — POSSESSION OF A FIREARM.

A person carries or has in his possession a firearm during a felony when the person has physical possession of the weapon or when the weapon is available and accessible to the person during the felony.

REFERENCES

Am Jur 2d, Weapons and Firearms §§ 7-15.

Sufficiency of evidence of possession in prosecution under state statute prohibiting persons under indictment for, or convicted of, crime from acquiring, having, carrying, or using firearms or weapons. 43 ALR4th 788.

.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Ronald D. Reed,* Assistant Prosecuting Attorney, for the people.

*Vlachos, Jerkins & Hurley* (by *Randall S. Levine* and *James E. Vander Roest*), for defendant on appeal.

Before: R. M. MAHER, P.J., and ALLEN and R. R. LAMB,* JJ.

PER CURIAM. On September 11, 1984, defendant entered a plea of guilty to possession of marijuana with intent to deliver, MCL 333.7401; MSA 14.15(7401). Pursuant to the plea agreement, a charge of possession of a firearm during the commission of a felony was dismissed, and the prosecution made no recommendation at the time of sentencing. On October 22, 1984, defendant was sentenced to three years probation with the first six months of probation to be served in jail. Costs in the amount of $500 were assessed and defendant was ordered to participate in a substance abuse program. Defendant appeals as of right. We reverse.

Defendant argues that his plea bargain was illusory because, on these facts, he could not have been properly convicted of possession of a firearm during the commission of a felony.

These charges arise out of a single incident which occurred on January 29, 1984. At about 7 A.M., police arrived at defendant's home to execute a search warrant. Defendant answered the door in his underwear, whereupon he was arrested and, shortly thereafter, handcuffed. A large bag of marijuana was found in the front room on the televi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sion. A further search of the house revealed two smaller baggies of marijuana and several firearms in a gun cabinet in defendant's upstairs bedroom and the adjoining attic.

The felony-firearm statute, MCL 750.227(b); MSA 28.424(2), reads in pertinent part:

> A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony . . . is guilty of a felony . . . .

Defendant contends that, for purposes of application of this statute to these facts, he did not "possess" the firearms at the time of the commission of the felony. This Court held in *People v Terry*, 124 Mich App 656, 663; 335 NW2d 116 (1983):

> [A] person "carries or has in his possession" a firearm during a felony when the person has physical possession of the weapon or when the weapon is available and accessible to the person during the felony.

In this case, defendant was surrounded by police, handcuffed and confined in the living room, removed by fifty feet and a staircase from the gun cabinet in his bedroom, from the time the police entered the home and through the time the firearms were discovered. The weapons were neither in defendant's physical possession nor available and accessible to him.

Under these facts defendant could not, as a matter of law, be properly convicted of possession of a firearm during the commission of the charged felony. The prosecutor's promise to dismiss that charge was meaningless. The plea bargain was illusory.

Reversed and remanded. Defendant may withdraw his plea.