PEOPLE v BECOATS

Docket No. 114274. Submitted September 11, 1989, at Detroit. Decided September 21, 1989.

Following a controlled buy of cocaine from Lewis J. Becoats, Jr., police raided Becoats' small one-story house and found him trying to hide cocaine packets in the toilet. A search of the other areas of the house disclosed several firearms, more controlled substances and narcotic paraphernalia. Becoats was charged with possession with intent to deliver cocaine and possession of a firearm during a felony. Defendant was convicted on his plea of guilty to possession with intent to deliver 50 or more, but less than 225, grams of a mixture containing cocaine in Genesee Circuit Court, Philip C. Elliott, J. Defendant was sentenced to a prison term of from five to twenty years. Defendant appealed.

The Court of Appeals *held:*

1. The question of whether the circuit court erred when it denied a defense motion to suppress a statement made by defendant is not preserved for appellate review.

2. Defendant was properly charged with felony-firearm; accordingly, his plea bargain whereby he agreed to plead guilty in exchange for the dropping of the felony-firearm charge was not illusory.

3. Since defendant committed the charged crime prior to the March 30, 1988, statutory amendment which reduced the mandatory minimum sentence from ten years to five years, defendant's sentence is governed by the statute prior to its amendment. The trial court was without authority to sentence in accordance with the amended statute.

Conviction affirmed, but remanded for resentencing.

1. CRIMINAL LAW — FELONY-FIREARM — POSSESSION OF A FIREARM.

A person carries or possesses a firearm during the commission of a felony within the meaning of the felony-firearm statute

REFERENCES

Am Jur 2d, Criminal Law § 590; Weapons and Firearms § 7.5.

See the Index to Annotations under Amendment; Sentence and Punishment; Weapons and Firearms.

where one has actual physical possession of a firearm or has a firearm available and accessible to him during the commission of the felony; it is the availability or accessibility of the firearm during the actual commission of the felony, rather than the availability or accessibility at or after arrest, that determines the applicability of the statute (MCL 750.117[b]; MSA 28.424[2]).

2. CONTROLLED SUBSTANCES — SENTENCING — STATUTES — AMENDMENT OF STATUTES.

A person convicted of possession with intent to deliver 50 or more grams but less than 225 grams of a mixture containing cocaine, where the act giving rise to the conviction occurred prior to the March 30, 1988, amendment to the statute, must be sentenced in accordance with the statute prior to its amendment; accordingly, a trial court is powerless to impose under such circumstances the five-year minimum sentence of the amended statute rather than the ten-year sentence of the statute prior to amendment (MCL 333.7401[2][a][iii]; MSA 14.15[7401][2][a][iii]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Gladys L. Christopherson,* Assistant Prosecuting Attorney, for the people.

*Hatchett, DeWalt, Hatchett & Hall* (by *William M. Hatchett*), for defendant on appeal.

Before: GILLIS, P.J., and MAHER and BRENNAN, JJ.

PER CURIAM. Defendant pled guilty to possession with intent to deliver 50 or more, but less than 225, grams of a mixture containing cocaine. MCL 333.7401(1) and (2)(a)(iii); MSA 14.15(7401)(1) and (2)(a)(iii). In exchange, a charge of possession of a firearm during the commission of a felony was dismissed. MCL 750.227b; MSA 28.424(2). Defendant was sentenced to five to twenty years imprisonment. Defendant appeals as of right. We affirm defendant's conviction, but remand for resentencing.

Defendant claims that the circuit court erred when it denied his motion to suppress his statement. Defendant has failed to provide us with a copy of his plea-taking transcript and there is nothing in the record to indicate that this issue was preserved for appeal; therefore, it is waived. *People v New,* 427 Mich 482; 398 NW2d 358 (1986).

Defendant also claims that his plea bargain was illusory because he could not have been convicted of felony-firearm, relying on *People v Myers,* 153 Mich App 124; 395 NW2d 256 (1986). In *Myers,* the police arrived at the defendant's home to execute a search warrant at 7:00 A.M. The defendant answered the door in his underwear and was arrested and handcuffed. A large bag of marijuana was found in the front room on the television. A further search of the house revealed two smaller baggies of marijuana and several firearms in a gun cabinet in the defendant's upstairs bedroom and adjoining attic. This Court held that as a matter of law the defendant could not have been convicted of felony-firearm because the weapons were neither in his physical possession nor available and accessible to him given that he was surrounded by the police, handcuffed and confined to the living room, and fifty feet and a staircase away from the gun cabinet from the time the police entered his home until the time the firearms were discovered. Hence, this Court held that the dismissal of a felony-firearm charge in exchange for defendant's guilty plea to possession of marijuana with intent to deliver was illusory.

In this case, defendant lived in a small one-story house. An informant made a controlled buy from the house, using bills whose serial numbers had been recorded. Five hours later, at 11:25 P.M., the police attempted to gain entry into defendant's

home to execute a search warrant. They heard shuffling inside and observed a figure go by the living room blinds. The police forced the door and discovered two black females in the home's basement. Defendant was discovered bending over the toilet bowl in the bathroom. Once defendant observed the police, he stood upright and water was dripping from his arms. In the toilet were five snuff Seal papers containing cocaine, a baggie of cocaine, and a plastic freezer bag containing eight baggies of cocaine. Near the toilet was a tin and a baggie of cocaine. Defendant was arrested, handcuffed and taken to the living room, where he was secured.

In the northeast bedroom, across the hallway from the bathroom, the police discovered two loaded pistols. One was on the lower shelf of defendant's headboard with a baggie of marijuana on the upper shelf. The other gun was in a drawer underneath defendant's waterbed. The police also found $2,500 in the pocket of a shirt hanging in a closet in the northeast bedroom. One of the bills in that roll matched the money given to the police informant.

In the northwest bedroom, next to the bathroom, the police discovered an unloaded Titan .22 caliber semi-automatic pistol on the shelf of a wardrobe closet.

The north closet in the home contained an unloaded shotgun.

In the kitchen cupboard police found a scale and baggies containing white residue. There were also two empty inositol bottles. A white dish on top of the refrigerator contained a sifter, single-edge razor blades, five straws, a spoon, and Gem pacs containing white powder.

In the basement the police seized a gold clutch purse containing $65. In the pocket of a chair in

the basement, the police found a semi-automatic pistol with four live rounds in the clip. There were also two long guns in the basement in a gun case or under a couch.

In the garage in a large garbage bag the police discovered a tin containing various size baggies, Gem pacs, two Gem pacs containing powder, one full bottle of inositol, and a triple-beam balance scale.

No weapons were discovered on defendant or in the bathroom or living room.

After defendant was bound over on the felony-firearm charge, defendant filed a motion to quash. The circuit court denied the motion, noting that the proper focus was whether the firearm was readily accessible to defendant at the time the crime was committed rather than at the time of arrest. The circuit court then held that the weapons were clearly accessible to defendant given the small area of the home, the close proximity of defendant to the rooms in which loaded weapons were found and defendant's presence on the first floor.

Defendant argues that the circuit court's ruling was erroneous and that this case is like *Myers* where the defendant did not have access to the guns after his arrest. We agree with the circuit court that defendant's access to the weapon should not be determined solely by reference to his arrest. *People v Terry,* 124 Mich App 656; 335 NW2d 116 (1983). Given the above-discussed facts, we agree with the circuit court that defendant, who was apparently selling cocaine from his home, could be found to have possessed a firearm during the commission of a felony by having a firearm at his disposal should he need it. *Id.* See also *People v Elowe,* 85 Mich App 744; 272 NW2d 596 (1978).

Consequently, defendant's plea bargain was not illusory.

When defendant committed the crime to which he pled guilty, the penalty was either a prison term with a minimum sentence of ten years and a maximum sentence of twenty years or life probation. MCL 333.7401(1) and (2)(a)(iii); MSA 14.15(7401)(1) and (2)(a)(iii). Effective March 30, 1988, the Legislature reduced the statutory minimum sentence to five years and allowed the sentencing court to depart from the minimum term of imprisonment for substantial and compelling reasons. MCL 333.7401(1), (2)(a)(iii) and (4); MSA 14.15(7401)(1), (2)(a)(iii) and (4). Defendant pled guilty and was sentenced after the effective date of the amended statute. The court applied the amended statute when it sentenced defendant. The amended statute was not retroactive and the court was without authority to sentence defendant under the amended statute. *People v Jackson,* 179 Mich App 344; 445 NW2d 513 (1989). Hence, this case is remanded for resentencing pursuant to the sentencing provision in effect when defendant committed the crime.

Remanded for resentencing.