PEOPLE v TOOHEY

Docket No. 111717. Submitted March 13, 1990, at Lansing. Decided
April 16, 1990. Leave to appeal applied for.

Raymond Glenn Toohey was arrested for operating a vehicle
while under the influence of intoxicating liquor and his vehicle
was impounded. A routine inventory search of the vehicle
resulted in the discovery of eight bags of cocaine. Toohey was
charged in Washtenaw Circuit Court with possession of more
than 50 but less than 225 grams of a mixture containing
cocaine with the intent to deliver and operating a vehicle while
under the influence of intoxicating liquor. Following a bench
trial, defendant was convicted on both charges and sentenced,
William F. Ager, Jr., J. Defendant appealed.

The Court of Appeals *held:*

1. The trial court erred in failing to suppress the cocaine. The
impoundment of defendant's vehicle was unreasonable. The
vehicle was lawfully parked along the curb of a residential
street and did not create a safety hazard or otherwise impede
the flow of traffic, it was not necessary to impound the vehicle
to protect the police from potential danger, the impoundment
was not necessary as an incident to defendant's arrest, and
there were no items of value visibly present in the car. The
reason given for the impoundment, that it was authorized by a
local ordinance in a situation where a driver is taken into
custody and the vehicle would thereby be left unattended, is
not sufficient to make the impoundment reasonable. Defen-
dant's conviction for possession of cocaine with intent to deliver
is reversed and the charge shall be dismissed.

2. The improper admission of the cocaine was harmless er.or
as it relates to defendant's conviction for OUIL. That conviction
is affirmed.

3. Defendant's claim that the trial court erred in failing to
give retroactive effect to recent amendments to the statute

REFERENCES

Am Jur 2d, Criminal Law § 590; Searches and Seizures §§ 16, 34,
54, 106.

Lawfullness of "inventory search" of motor vehicle impounded by
police. 48 ALR3d 537.

under which defendant was convicted of possession of cocaine with intent to deliver is moot. Even so, the amendments to the statute, which reduce the statutory minimum sentence for a conviction such as defendant's to five years and allow the sentencing court to depart from the minimum sentence requirement where there exist substantial and compelling reasons to do so, are not retroactive.

4. Defendant's claim that he was deprived of his right of allocution at sentencing is without merit.

Affirmed in part and reversed in part.

1. SEARCHES AND SEIZURES — AUTOMOBILES — IMPOUNDMENT — INVENTORY SEARCHES.

The impoundment of a vehicle and subsequent discovery of cocaine during a routine inventory search of the vehicle was unreasonable where the driver was arrested for operating a vehicle while under the influence of intoxicating liquor, the vehicle was lawfully parked along the curb of a residential street and did not create a safety hazard or otherwise impede the flow of traffic, it was not necessary to impound the vehicle to protect the police from potential danger, the impoundment was not necessary as an incident to the driver's arrest, and there were no items of value visibly present in the car; the sole reason given for the impoundment, that it was authorized by a local ordinance where a driver is taken into custody and the vehicle would thereby be left unattended, is not sufficient to make the impoundment reasonable.

2. STATUTES — CRIMINAL LAW — AMENDMENT OF STATUTES.

Amendments to criminal statutes concerning sentences or punishment are not retroactive; the general rule is that the sentence or punishment imposed is that prescribed by the statute in force at the time of the commission of the crime (MCL 8.4a; MSA 2.214).

*Frank J. Kelley,* Attorney General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

*Frank K. Rhodes, III,* for defendant.

Before: HOOD, P.J., and MAHER and CYNAR, JJ.

MAHER, J. Following a bench trial, defendant was convicted of possession of more than 50 grams

but less than 225 grams of a mixture containing a controlled substance (cocaine), with intent to deliver, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), and operating a vehicle while under the influence of intoxicating liquor (ouil), MCL 257.625(1); MSA 9.2325(1). Defendant received ninety days imprisonment for the ouil conviction and the statutory minimum ten years imprisonment for the cocaine-related conviction. In this appeal as of right defendant asserts the trial court erroneously denied his motion to suppress evidence of cocaine seized during an inventory search of his vehicle. We affirm defendant's conviction for ouil, but reverse the cocaine-related conviction.

I

The primary issue in this case concerns the admissibility of evidence obtained during an inventory search of defendant's automobile. After defendant was arrested for ouil, the police impounded his vehicle and conducted a routine inventory search of its contents. During the search, the police discovered a package of cocaine beneath the driver's seat, plus seven more bags of cocaine contained in a golf bag in the trunk. The total amount of cocaine discovered was more than 50 grams but less than 225 grams.

A suppression hearing was held on March 25, 1988. The testimony at the hearing established that on July 8, 1987, between 1:00 and 1:30 A.M., defendant and a friend, John Albert, left an Ann Arbor bar in defendant's vehicle, with defendant driving. Thomas Tanner, an Ann Arbor police officer, testified that he stopped defendant after observing the vehicle cross the center line of Packard Road. After noticing the police car, defendant pulled off onto a residential street where he legally

parked his car along the curb. Tanner then per-
formed some field sobriety tests on defendant,
after which he made his decision to arrest defen-
dant for OUIL. Albert then asked Officer Tanner if
he could take custody of the car. Although Tanner
did not perform any sobriety tests on Albert, Tan-
ner would not release the car to Albert because
defendant indicated Albert had also been drinking
and because Tanner noticed that Albert appeared
unsteady, smelled of alcohol and had slurred
speech. Albert was given the option of either walk-
ing away or having a cab called. Albert then went
back and conferred with defendant in the police
car. After Albert told defendant that the police
officer would not let him take the car, defendant
asked Albert to arrange for defendant's wife or
attorney to pick up the car. When Albert spoke to
Officer Tanner about this request the officer told
him the car was being impounded, and it was now
their car. Albert eventually left on foot. Shortly
thereafter, the police conducted their inventory
search of the car and the cocaine was discovered.

The sole reason given at the suppression hearing
for the impoundment of defendant's vehicle was
that impoundment was authorized under Ann Ar-
bor Ordinances, 10:139, which provided:

> 1. A police officer may immediately remove and
> impound a vehicle in any of the following situa-
> tions.
>
> *   *   *
>
> i. The driver of a vehicle is taken into custody
> by the Police Department and such vehicle would
> thereby be left unattended.

Once impounded, standard departmental policy
required a police officer to thoroughly search the
vehicle to determine what, if any, articles of value
were present.

Following the suppression hearing, the trial court found that the search of defendant's vehicle was valid and therefore ruled the cocaine was admissible. On May 31, 1988, the day scheduled for trial, defendant waived his right to a jury trial and it was agreed that the record of the suppression hearing plus certain other stipulated facts would serve as the basis for the trial record. Thereafter, the court again upheld the validity of the inventory search and found defendant guilty of possession of cocaine with intent to deliver and OUIL.

II

Defendant argues on appeal that the trial court erred in failing to suppress the cocaine because the impoundment of his vehicle violated his Fourth Amendment rights as an unreasonable search and seizure. A trial court's ruling at a suppression hearing is reviewed under the clearly erroneous standard. The court's decision will be affirmed unless, upon a review of the record, this Court is left with a definite and firm conviction that a mistake was made. *People v Burrell,* 417 Mich 439, 448; 339 NW2d 403 (1983). Upon our review of the record, we agree the trial court clearly erred in denying defendant's motion to suppress the cocaine.

The Fourth Amendment to the United States Constitution, made applicable to the states by way of the Fourteenth Amendment, *Mapp v Ohio,* 367 US 643; 81 S Ct 1684; 6 L Ed 2d 1081 (1961), guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." US Const, Am IV. A search and seizure without a warrant is unreasonable per se and violates the

Fourth Amendment of the United States Constitution unless shown to be within one of the exceptions to the rule. *People v Reed,* 393 Mich 342, 362; 224 NW2d 867 (1975). The burden is always on the state to show an exception exists. *Id.; Coolidge v New Hampshire,* 403 US 443; 91 S Ct 2022; 29 L Ed 2d 564 (1971).

The leading case concerning the validity of inventory searches of impounded automobiles is *South Dakota v Opperman,* 428 US 364; 96 S Ct 3092; 49 L Ed 2d 1000 (1976). In that case, the United States Supreme Court upheld an inventory search of a *lawfully impounded* vehicle. The search in that case was prompted by the presence, in plain view, of a number of valuables inside the car. The Court looked at all the facts and circumstances in the case and, after noting that "police intrusions into automobiles *impounded or otherwise in lawful police custody"* have been consistently sustained "where the process is aimed at securing or protecting the car and its contents," *id.* at 373, determined that an inventory search performed as a caretaking function pursuant to standard police procedure did not constitute an unreasonable search and seizure under the Fourth Amendment. *Id.* at 375-376 (emphasis added).

In *Opperman,* the vehicle had been impounded for violation of a parking ordinance and the validity of the initial impoundment was not at issue. However, *Opperman* did recognize the authority of the police to remove and impound vehicles in the interest of public safety and as part of a "community caretaking function." *Id.* at 368. Such authority, however, is not absolute. According to *Opperman,* the validity of a police intrusion must be examined by analyzing the reasonableness of the seizure under all the circumstances and each case must be decided on its own facts. *Id.* at 372-373.

*Opperman* recognized various situations in which the impoundment and removal of a vehicle will generally be upheld. Such situations include instances where removal is required to permit the uninterrupted flow of traffic or to preserve evidence, instances where the vehicle is disabled or damaged, and instances where a parking ordinance is violated, thereby jeopardizing both public safety and efficient movement of vehicular traffic. *Id.* at 368-369. The *Opperman* Court recognized that, once a vehicle is impounded, an inventory search pursuant to standard police procedure will generally be upheld where its purpose is to (1) protect the owner's property while the vehicle remains in police custody, (2) protect the police against claims or disputes over lost or stolen property, and (3) protect the police from potential danger. *Id.* at 369.

Although defendant raises several issues concerning both the initial impoundment and the subsequent inventory search, we agree the dispositive issue in this case involves the legitimacy of the initial impoundment. In *People v Krezen,* 427 Mich 681, 685-686; 397 NW2d 803 (1986), our Supreme Court applied the *Opperman* rationale in deciding just such a case. In that case, the defendant was arrested at an airport after picking up a package containing cocaine. After the arrest, the authorities impounded defendant's automobile, which was lawfully parked in an air freight parking lot. A brown vial containing cocaine residue and other paraphernalia were discovered in defendant's purse, which was lying visibly on the front seat of the car. In a plurality opinion, the Court upheld the admission of the cocaine found in the purse.

Writing for the majority, Justice BOYLE (with Justices RILEY and BRICKLEY concurring) followed

*Opperman, supra,* and indicated that the reasonableness of the impoundment was to be determined from the particular facts of the case. *Id.* at 686. In her majority opinion, Justice BOYLE noted that the possibility of theft or vandalism has been recognized as a valid reason for impounding a car upon the arrest of the driver, *id.* at 688, and ultimately upheld the impoundment as being a reasonable caretaking function instituted according to standard departmental policy. *Id.* at 686-689.

In a dissenting opinion, however, Justice LEVIN (with Justices CAVANAGH and ARCHER concurring) did not believe that an impoundment was justified merely to avoid the possibility of theft. He agreed with this Court's statement that the possibility of claims against the police for loss or damages does not compare in importance with the preservation of basic constitutional guarantees.[1] *Id.* at 703-705.

In the swing vote, Justice WILLIAMS likewise indicated he was not persuaded that the impoundment was reasonable. However, he agreed the police could not have reasonably left the purse in plain view and rationalized that, because returning the purse to defendant would have inevitably led to the discovery of the cocaine, its admission should be upheld. *Id.* at 697-698.

In applying the principles of *Opperman* and *Krezen,* we begin our analysis of the case at hand with the initial recognition that the burden was on the police to establish the reasonableness of the impoundment when considering the circumstances of the case. Having carefully reviewed the record, we do not believe this burden was met.

The evidence in this case established that the vehicle was lawfully parked along the curb of a

---

[1] See *People v Krezen,* 143 Mich App 34, 40; 371 NW2d 882 (1985).

residential street. There was no evidence that the vehicle constituted a safety hazard or otherwise impeded the flow of traffic. Furthermore, there was no indication that it was necessary to impound the vehicle to protect the police from potential danger or that the impoundment was otherwise necessary as an incident to defendant's arrest. Finally, there was no evidence that any items of value were visibly present in the car.

The trial court, after indicating it had reviewed *Krezen,* stated the following as its basis for denying defendant's motion to suppress:

> We have had so many suits in this county against police officers and other persons where people claim they lost things in the vehicle, the officer stole something from the vehicle or things are missing. So this Court finds that the officer did act reasonably when he decided that he wasn't going to leave the vehicle in the street and he was going to impound it and he felt that he should inventory what was in it so that somebody couldn't claim that he had stolen something.
>
> I am not suggesting that the Defendant would have claimed this. But the officer doesn't know that, the officer has to act with what he has.

It is clear that the trial court relied on the reasoning of *Krezen* and determined that concern over potential liability for missing or stolen items was sufficient justification for the impoundment. However, the basis for the trial court's conclusion is not supported by the record. The police officer did not give as a reason for impoundment concern for either the safety of the vehicle or its contents, nor was there any evidence presented establishing the possibility of theft or vandalism as a reasonable concern. Instead, the only reason given for the impoundment was that it was authorized by local

ordinance in a situation where a driver is taken into custody and the vehicle would thereby be left unattended.

Although *Krezen* recognized the lawful impoundment of a vehicle as a reasonable caretaking function, we do not believe that *Krezen* stands for the proposition that an impoundment will be upheld as a reasonable caretaking function in the absence of evidence creating a reasonable concern for the actual safety of the vehicle or its contents. Indeed, an examination of *Krezen* clearly reveals that the decisive factor in that case was the presence of defendant's purse in plain view on the front seat of the car. In her majority opinion, Justice BOYLE was very careful to indicate that the decision upholding the reasonableness of the impoundment was controlled by the particular facts of the case. *Krezen, supra* at 686 and 697. She expressly indicated that a departmental policy requiring impoundment upon arrest, regardless of the surrounding factual circumstances, may well involve situations where an impoundment would be violative of the Fourth Amendment as an unreasonable seizure. *Id.* at 685-686. Justice LEVIN agreed with this proposition in his dissent, stating, "[c]ourts generally have concluded that to justify impoundment something more must be shown than simply that the vehicle would otherwise be left unattended." *Id.* at 708. The "something more" that existed in *Krezen* was the presence of a purse in plain view on the front seat of the car.

In our view, the impoundment of defendant's vehicle would have been found unreasonable under *Krezen.* We reach this conclusion based on the fact that while *Krezen* contained specific facts establishing a reasonable concern for the safety of the vehicle's contents, there were no such facts in this case. Further, in spite of *Krezen's* more com-

pelling facts for upholding the validity of the impoundment, only three of the seven justices were able to find the seizure to be reasonable.

Because the only reason given for the impoundment in this case was the existence of the local ordinance, and because there were no other facts presented that would otherwise justify the impoundment of the vehicle as being reasonable under the circumstances, we find that the police did not sustain their burden in establishing the reasonableness of the seizure. Further, we believe that, by relying upon the possibility of theft or vandalism as its basis for finding the impoundment to be proper, the trial court clearly erred when this concern was neither expressed at the hearing nor supported by the record.

Inasmuch as the cocaine would not have been discovered absent the impoundment, its admission should have been suppressed. Moreover, because defendant could not have been convicted for possession of cocaine with intent to deliver had evidence of the cocaine not been admitted, this conviction is reversed and the charge shall be dismissed. With respect to defendant's conviction for OUIL, however, the improper admission of the cocaine was harmless error. Therefore, the OUIL conviction is affirmed.

III

Finally, defendant raises various sentencing issues.

Defendant initially claims the trial court erred by failing to give retroactive effect to the recent amendments to MCL 333.7401; MSA 14.15(7401). These amendments reduce the statutory minimum sentence for defendant's cocaine conviction to five years and also allow the sentencing court to de-

part from the minimum sentence requirement where there exist substantial and compelling reasons to do so. However, in light of our reversal of defendant's conviction under this statute, this issue has been rendered moot. In any event, we agree with the prior decisions of this Court holding that the amendments to the statute are not retroactive. *People v Becoats,* 181 Mich App 722; 449 NW2d 687 (1989); *People v Jackson,* 179 Mich App 344; 445 NW2d 513 (1989).

Lastly, we find no merit to defendant's argument that he was deprived of his right of allocution at sentencing. The court twice offered him an opportunity to speak and he declined each time. Additionally, the record does not support defendant's contention that his opportunity to allocute was rendered meaningless because the court had already determined the sentence it was going to impose during an in-chambers conference. See *People v McNeal,* 150 Mich App 85; 389 NW2d 708 (1985). Therefore, defendant's sentence for the OUIL conviction is affirmed.

Affirmed in part and reversed in part.