PEOPLE v TONEY

Docket No. 114329. Submitted October 18, 1990, at Detroit. Decided
January 9, 1991, at 9:00 A.M. Leave to appeal sought.

Frank A. Toney was charged in the Detroit Recorder's Court with
possession of less than twenty-five grams of cocaine after he
dropped a packet of cocaine while being chased on foot by a
police officer. The court, Thomas E. Jackson, J., suppressed the
evidence of cocaine and dismissed the complaint, ruling that
the evidence was the product of an illegal arrest. The prosecu-
tion appealed.

The Court of Appeals *held:*

In this case, where the police officer had commanded the
defendant to halt, the chase was a seizure for purposes of the
Fourth Amendment. Inasmuch as it was not claimed that the
officer had probable cause to arrest the defendant or that the
officer had reasonably suspected that the defendant was armed
and dangerous, the trial court did not err in concluding that
the chase was an illegal seizure.

Affirmed.

SEARCHES AND SEIZURES — POLICE PURSUIT.

A foot chase by the police of a fleeing individual is a seizure
within the meaning of the Fourth Amendment where the
conduct of the police would lead a reasonable person to believe
that he was not free to leave, or that the police intended to
capture him or otherwise interfere with his freedom of move-
ment (US Const, Am IV).

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *John D. O'Hair,* Prose-
cuting Attorney, and *Timothy A. Baughman,* Chief
of Research, Training and Appeals, for the people.

REFERENCES

Am Jur 2d, Arrest §§ 44, 45; Searches and Seizures §§ 9, 92, 98, 99,
102.

Abandonment of Property or Right; Arrest; Escape or Flight; Police
and Law Enforcement Officers; Probable Cause; Search and Sei-
zure.

*Molly Eklund-Easley,* for the defendant on appeal.

Before: HOLBROOK, JR., P.J., and CYNAR and WEAVER, JJ.

PER CURIAM. The people appeal as of right from the decision and order of the Detroit Recorder's Court granting defendant Frank Arthur Toney's motion to suppress the evidence and dismiss the complaint. Defendant had been charged with one count of possession of less than twenty-five grams of cocaine, MCL 333.7403(2)(a)(v); MSA 14.15(7403) (2)(a)(v). The trial court concluded that the evidence of narcotics was the product of an illegal arrest. On the basis of our Supreme Court's recent decision in *People v Mamon,* 435 Mich 1; 457 NW2d 623 (1990), we affirm.

Police officer Scott Kreza was the only witness to testify at the hearing on defendant's motion. The officer testified that on October 10, 1988, he and his partner were on routine patrol in a marked police car when he noticed defendant walking toward the rear of a four-family flat located at 3041 West Euclid in Detroit. That address had been designated by the police for "special attention" because at least one, but not all, of the flats had been raided by police three days before defendant's arrest. Officer Kreza testified that he got out of his scout car to follow defendant and that, when defendant spotted him and began to run, he gave "foot chase" and at the same time yelled for defendant to "freeze" or "stop." During the chase, defendant dropped what later proved to be crack cocaine.

The prosecutor does not contend that Officer Kreza had either probable cause to arrest defendant or that he entertained a reasonable suspicion

that defendant was armed and dangerous. At the hearing, Officer Kreza himself testified only that it was his intent "to stop him and investigate him." The prosecutor argues only that, regardless of the officer's intent in pursuing the defendant, a seizure under the Fourth Amendment of the United States Constitution does not occur until the officer has gained physical control of the defendant. However, under *Mamon, supra,* we must disagree.

Interpreting *Michigan v Chesternut,* 486 US 567; 108 S Ct 1975; 100 L Ed 2d 565 (1988), a majority of our Supreme Court in *Mamon, supra,* held that, "without more," a foot chase of a fleeing defendant by police did not amount to a seizure within the meaning of the Fourth Amendment. As stated in the lead opinion of Justice RILEY, *Mamon, supra,* pp 11-12, and echoed by Justice BRICK- LEY in his concurring opinion, *id.,* p 19, the inquiry under *Chesternut,* is whether the conduct of the police would induce a reasonable person to believe that he was not free to leave, or that the police intended to capture him or otherwise interfere with his freedom of movement. Justice RILEY reasoned:

> In our opinion, without more, a police foot chase does not amount to a seizure within the meaning of the Fourth Amendment. Otherwise, we would effectively reduce the role of a police officer to that of a mere spectator. Effective law enforcement techniques not only require passive police observation, but also necessitate their interaction with citizens on the streets. This interaction means that oftentimes the police must follow after and observe persons moving faster than a person walking at a normal pace. [435 Mich 13-14.]

Consequently, where police pursuit does not amount to seizure, items discarded by a defendant

during such a chase are properly recoverable by the police, there being no expectation of privacy in abandoned property. *Mamon, supra,* pp 6-7.

However, both the lead opinion and the concurrence noted that under *Chesternut* additional circumstances, in the form of expressions of police authority, may transform a police chase into a Fourth Amendment seizure. *Mamom, supra,* pp 12, 16. One such circumstance, cited in both opinions and in *Chesternut, supra,* p 575, and which is present in this case, is where the police have commanded the defendant to halt.

Since our review of a suppression hearing is limited to whether the trial court's decision is clearly erroneous, *People v Toohey,* 183 Mich App 348, 352; 454 NW2d 209 (1990), we find no basis for reversal. The trial court did not err as a matter of law, and we cannot say that under the facts of this case we are left with a definite and firm conviction that a mistake has been made. *Id.*

Affirmed.