606 N.W.2d 651 (2000)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Michael Alonzo THOMPSON, Defendant-Appellant.
Docket No. 114062, COA No. 196656.
Supreme Court of Michigan.
March 7, 2000.
On order of the Court, the delayed application for leave to appeal from the December 15, 1998 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MARILYN J. KELLY, J., states as follows:
I would peremptorily reverse defendant's felony-firearm conviction for the reason that there is no evidence he committed a felony while in possession of a firearm. Defendant was convicted of conspiracy to possess with intent to deliver marijuana, possession with intent to deliver marijuana, delivery of marijuana, and felony-firearm. The weapons that formed the basis of defendant's felony-firearm conviction were found at his home. None of the criminal activity, however, occurred at his home and no drugs were ever found there.
The felony-firearm prohibition applies to "[a] person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony...." MCL 750.227b(1); MSA 28.424(2)(1). Possession does not necessarily mean actual possession. "A defendant may have constructive possession of a firearm if its location is known to the defendant and if it is reasonably accessible to him." People v. Williams, 212 Mich.App. 607, 609, 538 N.W.2d 89 (1995), citing People v. Hill, 433 Mich. 464, 469-471, 446 N.W.2d 140 (1989).
In this case, none of the acts that formed the basis for the three felony drug convictions took place when defendant had reasonable access to the firearms. The deeds satisfying the elements of the conspiracy charge took place at a drug house located some distance from defendant's home. Defendant possessed drugs with the intent to deliver them when he picked up drugs from the drug house and brought them to the informant's house. Defendant delivered drugs when he dropped off the drugs at the informant's house. Therefore, I find no basis upon which a jury reasonably could have found defendant guilty of felony-firearm. I would reverse defendant's felony-firearm conviction and remand this case to the trial court for resentencing.
MICHAEL F. CAVANAGH, J., concurs in the statement of MARILYN J. KELLY, J.
YOUNG, JR., J., would grant leave to appeal.