# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MICHAEL D. KING,

Defendant-Appellant.

UNPUBLISHED
June 16, 2015

No. 320324
Wayne Circuit Court
LC No. 13-006780-FH

Before: JANSEN, P.J., and SAWYER and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of possession with intent to deliver less than five kilograms of marijuana, MCL 333.7401(2)(d)(*iii*), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to two years' imprisonment for the felony-firearm conviction, and five years' probation for the possession with intent to deliver less than five kilograms of marijuana conviction. We affirm.

This case arises from the execution of a search warrant at defendant's residence. After receiving an anonymous tip, Detroit police officers arranged a controlled drug buy at defendant's home using a confidential informant. The informant bought marijuana in the home and provided police with a physical description of the man who sold it to him. Defendant was not at home when police officers executed the warrant, though his fiancée was. Police officers found marijuana and several firearms in a room occupied by defendant's infant son. They also seized a digital scale and numerous unused Ziploc bags from defendant's basement, where he operated a licensed barbershop.

Defendant first argues that there was insufficient evidence to support his convictions. We disagree.

This Court reviews de novo a challenge to the sufficiency of the evidence in a jury trial, viewing the evidence in the light most favorable to the prosecution to determine whether the trier of fact could have found that the prosecution proved beyond a reasonable doubt the essential elements of the crime. *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014). Moreover, this Court will not interfere with the fact-finder's role of determining the weight of evidence or the credibility of witnesses. *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012).

-1-

In order to prove possession with intent to deliver less than 5 kilograms of marijuana, the prosecution must prove beyond a reasonable doubt that "(1) defendant knowingly possessed a controlled substance, (2) defendant intended to deliver the controlled substance to someone else, (3) the substance possessed was marijuana and defendant was aware that it was, and (4) the marijuana was in a mixture that weighed less than five kilograms." *People v Williams*, 268 Mich App 416, 419-420; 707 NW2d 624 (2005).

On appeal, defendant asserts that the prosecution did not prove that he possessed a controlled substance. Proof of constructive possession is sufficient to satisfy the element of possession, and the prosecution need not prove actual physical possession. *People v Flick*, 487 Mich 1, 14; 790 NW2d 295 (2010). Constructive possession exists when the totality of the circumstances indicates "a sufficient nexus between the defendant and the contraband, including whether the defendant exercised a dominion and control over the substance." *People v Bylsma*, 493 Mich 17, 32; 825 NW2d 543 (2012) (citation and internal quotation marks omitted). "Moreover, possession may be joint, with more than one person actually or constructively possessing a controlled substance." *Id*. at 31 (citation omitted). A trier of fact may equally find possession where the defendant is not the actual owner of the drugs. *Id*.

Here, while the prosecution did not prove that defendant actually physically possessed the marijuana, there was ample evidence to show constructive possession. Police officers found the confiscated drugs in a mason jar, which was in a bedroom in defendant's house. The drugs were in the same room as defendant's infant son and defendant's guns. A digital scale was recovered from defendant's barbershop in the basement of his home; the scale had marijuana residue on it. Defendant testified that only he and his children lived at the house, and that only one or two people could come in and out of his house without his permission. On cross-examination, defendant testified that he "just [doesn't] let anybody come in and out of [his] house," that he "know[s] exactly who comes in and out of [his] house" and barbershop, and that he controls what happens in his house. Further, defendant's physical description matched the description of the individual who sold marijuana to the confidential informant two days before the police officers executed the warrant. Based on this evidence, the jury could reasonably find that defendant constructively possessed the marijuana. In addition, defendant's testimony that the marijuana belonged to his father did not preclude a finding of possession because the prosecution did not need to prove that defendant owned the marijuana. See *id*. Moreover, defendant and his father could have possessed the drugs jointly. See *id*.

Defendant was also convicted of felony-firearm. "The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Johnson*, 293 Mich App 79, 82-83; 808 NW2d 815 (2011) (citation omitted). In a firearms context, the prosecution need only show "proximity to the article together with indicia of control" to prove constructive possession. *Flick*, 487 Mich at 14 (citation omitted). To prove that a defendant possessed a firearm while possessing a controlled substance, the prosecution must show the weapon's "proximity and reasonable accessibility" to the defendant on the date of offense. *People v Burgenmeyer*, 461 Mich 431, 437, 439; 606 NW2d 645 (2000).

The evidence in this case supports a finding that defendant constructively possessed the firearms. The guns were in defendant's bedroom with his infant child, and they were in plain view within three feet of the bed. Defendant testified that he owned the guns, and the Michigan

State Police Automated Pistol Registration System indicated that the pistols had been registered in his name since 2009. Defendant also had a receipt for the assault rifle that showed its original purchase date as September 18, 2003. These records, combined with the location of the guns in the bedroom, indicate that defendant had both control of the weapons and proximity to them. Therefore, a rational jury could find that defendant constructively possessed the guns.

We further reject defendant's assertion that because he was not in the home at the time, the evidence was insufficient to show that he possessed the firearms at the time the marijuana was allegedly possessed. In *Burgenmeyer*, a search of the defendant's bedroom revealed cocaine in a dresser drawer and firearms on top of the dresser. The defendant was not home during the search. *Id*. at 439-440. The Michigan Supreme Court held that "[t]he drugs and the weapons were close enough that a jury reasonably could conclude that the defendant possessed both at the same time, as the prosecutor had charged." *Id*. at 440. In *Burgenmeyer*, the proximity and accessibility of the drugs and weapons to the defendant was sufficient to sustain the defendant's felony-firearm conviction. See *id*. Here, as in *Burgenmeyer*, the drugs and the guns were found in the same room, separated by no more than a few feet. Thus, it was reasonable for the jury to infer that defendant possessed the guns while committing the felony of possession with intent to deliver less than five kilograms of marijuana.

Defendant next argues that the trial court's questioning of the victim at trial denied him a fair trial. We disagree. Because defendant failed to raise a claim of judicial bias in the trial court, his claim is unpreserved. *People v Jackson*, 292 Mich App 583, 597; 808 NW2d 541 (2011). We review unpreserved claims of error for plain error affecting substantial rights. *Id*.

The trial court has the right to interrogate witnesses. MRE 614(b). The court may question witnesses to elicit additional information or clarify the witness's testimony. *People v Davis*, 216 Mich App 47, 49-50; 549 NW2d 1 (1996). "The principle limitation on a court's discretion over matters of trial conduct is that its actions not pierce the veil of judicial impartiality." *Id*. at 50. The court must ensure that its questions are not "intimidating, argumentative, prejudicial, unfair, or partial." *Id*. (citation omitted).

Following direct and cross-examinations of defendant, the court questioned defendant regarding his use of the digital scale found in his home. This Court has reviewed the record and concludes that there was no impropriety in the trial court's questioning of defendant. While it is true that neither party asked defendant about the digital scare during defendant's testimony, both the prosecution and defense counsel had questioned police office Neil Gensler about the scale earlier in the trial. It seems clear that the trial court's questions were asked to determine what, if anything, defendant used the scale for. We reject defendant's assertion that the trial court suggested that defendant owned or possessed the scale or that the scale may have been used for illegal activities.

Furthermore, the court instructed the jury that its comments, rulings, and questions were not evidence, and that the jury should only consider the evidence when making its decision. The court also stated to the jurors, "I'm not trying to influence your vote or express a personal opinion about the case. If you believe that I have an opinion about how you should decide this case, you must pay no attention to that opinion." "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Mesik (On*

*Reconsideration)*, 285 Mich App 535, 542; 775 NW2d 857 (2009) (citation omitted).  Reversal is not required "where a curative instruction could have alleviated any prejudicial effect." *People v Bennett*, 290 Mich App 465, 476; 802 NW2d 627 (2010).  Accordingly, defendant has failed to show that he was denied a fair trial.

      Affirmed.

                            /s/ Kathleen Jansen
                            /s/ David H. Sawyer
                            /s/ Karen M. Fort Hood