# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KHALIL EL-RASHAD BEY,

        Defendant-Appellant.

UNPUBLISHED
November 19, 2015

No. 322609
Wayne Circuit Court
LC No. 13-010797-FH

---

Before: JANSEN, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to 2 ½ to 5 years' imprisonment for the felon-in-possession conviction and 5 years' imprisonment for the felony-firearm conviction. We affirm.

This case arises out of the execution of an arrest warrant for defendant, as well as a search warrant pertaining to a residence in which defendant was found by police. Defendant was the only person in the house and the police discovered a handgun and a long gun in a room on the top floor of the three-story residence. On appeal, defendant first argues that the evidence was insufficient to prove that he possessed a firearm for purposes of both firearm convictions. We disagree. We review de novo the issue regarding whether there was sufficient evidence to sustain a conviction. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). In reviewing the sufficiency of the evidence, this Court must view the evidence – whether direct or circumstantial – in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court generally cannot interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). Circumstantial evidence and the reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). The prosecution need not negate every reasonable theory of innocence, but need only prove the

-1-

elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). We resolve all conflicts in the evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

Defendant challenges the sufficiency of the evidence solely with respect to the "possession" element of the two firearm offenses. MCL 750.224f; MCL 750.227b; M Crim JI 11.38a; M Crim JI 11.34; *People v Perkins*, 473 Mich 626, 630-632; 703 NW2d 448 (2005); *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). Defendant contends that there were no indicia of defendant's dominion and control over the guns, where there were no fingerprints linking defendant to the firearms, there was no firearm paraphernalia, such as ammunition, found on defendant's person, defendant did not admit to using or having the right to use the guns, and where defendant had explained that the firearms had been left by the previous owner.

In *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011), this Court explained the nature of "possession" relative to firearms in our criminal jurisprudence:

> Possession of a firearm can be actual or constructive, joint or exclusive. A person has constructive possession if there is proximity to the article together with indicia of control. Put another way, a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant. Possession can be proved by circumstantial or direct evidence and is a factual question for the trier of fact. [Citations, quotation marks, and alteration brackets omitted.]

The prosecution is required to establish possession of a firearm, not ownership, *People v Burgenmeyer*, 461 Mich 431, 438-439; 606 NW2d 645 (2000), and "[p]hysical possession is not necessary as long as the defendant has constructive possession," *People v Hill*, 433 Mich 464, 471; 446 NW2d 140 (1989). These principles regarding possession of a firearm are embodied in M Crim JI 11.34a, upon which the jury was instructed in this case.

Here, the two firearms were found loaded inside a home that defendant had recently acquired, and the address on defendant's driver's license matched the home's address. Defendant conceded these points at trial. As mentioned above, defendant was the only person inside the home during the search that produced the two firearms, and there was no evidence of any other occupants or residents of the home. According to a police officer who spoke to defendant at the scene, defendant indicated that the firearms were present in the home when defendant had moved in. Of the entire house, only the third floor room where the guns were discovered was livable, and the room contained a mattress, clothing, and other items indicating recent use as a bedroom. Additionally, the eye-level shelf on which the firearms were located was directly above the mattress on the floor of the bedroom. According to the officer that discovered the firearms, defendant would have been able to see the firearms and reach them with minimal effort from anywhere in the third floor living area. On the basis of this evidence, the jury could have rationally determined that defendant used the third floor area as his bedroom, that he knew the firearms were present in the room, and that the firearms were reasonably and

readily accessible by defendant. In other words, there was sufficient evidence to show that defendant constructively possessed the firearms. Defendant's arguments to the contrary are all unavailing, given that the prosecution was not required to establish a fingerprint match, was not required to show that defendant was carrying firearm paraphernalia on his person, and was not required to prove that defendant owned the firearms. Indeed, assuming that the home's previous owner or a prior occupant was the owner of the guns, it did not mean that defendant was legally permitted to keep and possess them after defendant took over ownership of the home. Reversal is unwarranted.

Next, in an extremely cursory and undeveloped argument, defendant maintains that the trial court erred by not permitting defense counsel to call a last-minute witness who was not identified on defendant's witness list. At the start of the second day of trial and outside the presence of the jury, the prosecutor mentioned that a person asserting to be defendant's cousin had shown up and indicated a desire to testify on defendant's behalf. Defense counsel responded that she had never met the individual prior to that day, that she knew nothing about him, and that he could not produce a driver's license. For these reasons, especially the lack of identification, defense counsel chose not to pursue the matter. The trial court then acknowledged that defendant was not seeking to call the witness to testify and that, regardless, assuming a motion to add the witness had been made, the court would have ruled against it because the request would have been untimely, unfair to the prosecution, and because there was no way of "verifying [the individual's] identity." Defendant's argument on appeal fails, given that defendant never requested to have the person added as a witness and called to testify, defendant does not claim ineffective assistance of counsel, the trial court's observations were in the form of a hypothetical ruling, which was completely sound under the circumstances, and given that any assumed error has to be viewed as entirely harmless, MCL 769.26; MCR 2.613(A); *Carines*, 460 Mich at 763-764, in that there is no indication in the record regarding the nature of the testimony that would have been given by the witness.

Finally, defendant argues in a Standard 4 brief that the district court lacked subject-matter jurisdiction because the felony complaint and arrest warrant were not properly filed and lacked sufficient information, or were not supported by sufficient information, as necessary to make a finding of probable cause. With respect to these unpreserved arguments, defendant has failed to establish errors, plain or otherwise, he has not shown the requisite prejudice, and, assuming plain errors affecting substantial rights, defendant cannot establish that the presumed errors resulted in the conviction of an actually innocent person, or that, independent of defendant's innocence, the presumed errors seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Carines*, 460 Mich at 763. Defendant was an acknowledged felon who told police that he was aware of and knew about the firearms present in defendant's house. Moreover, even were there some merit to defendant's arguments in regard to probable cause and the complaint and warrant, they have absolutely nothing to do with the district court's subject-matter jurisdiction. *People v Goecke*, 457 Mich 442, 458 n 16; 579 NW2d 868 (1998) ("subject matter jurisdiction is the right of the court to exercise judicial power over a class of cases, not the particular case before it, but rather the abstract power to try a case of the kind and character of the one pending") (citations omitted). The district court properly exercised subject-matter jurisdiction over this case by adjudicating the issue of probable cause at the preliminary

examination in regard to the two felony charges.  MCL 600.8311(e); MCR 6.110.  Reversal is unwarranted.

Affirmed.


/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Michael J. Riordan