# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 28, 2016

Plaintiff-Appellee,

v

No. 325894
Wayne Circuit Court
LC No. 02-010983-FH

DARREN A. WEDDINGTON,

Defendant-Appellant.

Before: MURPHY, P.J., and SAAD and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of possession with intent to deliver less than 5 kilograms of marijuana, MCL 333.7401(2)(d)(*iii*), possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*),[1] and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to two years' imprisonment for the felony-firearm conviction, and time served for both drug convictions. We affirm defendant's convictions and the sentences, but remand for the ministerial task of correcting the judgment of sentence.

This case arises from defendant's possession of marijuana, cocaine, and a firearm in 2001. He was convicted in a bench trial in 2003, but defendant was not sentenced until 2014 after failing to appear for sentencing in 2003.

Defendant first argues that his convictions were not supported by sufficient evidence because the prosecution did not establish that defendant had either actual or constructive possession of the drugs and firearm. We disagree.

We review de novo the issue regarding whether there was sufficient evidence to sustain a conviction. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). In reviewing the sufficiency of the evidence, this Court must view the evidence, whether direct or circumstantial, in a light most favorable to the prosecutor and determine whether a rational trier of fact could

---

[1] As will be discussed later in this opinion, the judgment of sentence inaccurately provided that defendant was convicted of possession of 25 to 49 grams of cocaine, MCL 333.7403(2)(a)(*iv*).

find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). The trier of fact, here the trial court, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the trier of fact's role in assessing the weight of the evidence and the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime, *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999), including the element of possession at issue in this case, *People v Meshell*, 265 Mich App 616, 622; 696 NW2d 754 (2005). The prosecution need not negate every reasonable theory of innocence, but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). We resolve all conflicts in the evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

"Possession" is, of course, an element of each of the three offenses upon which defendant was convicted. MCL 750.227b; MCL 333.7401(2)(d)(*iii*); MCL 333.7403(2)(a)(*v*); *Wolfe*, 440 Mich at 516-517; *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). In the context of drug possession, our Supreme Court in *Wolfe* observed:

> A person need not have actual physical possession of a controlled substance to be guilty of possessing it. Possession may be either actual or constructive. Likewise, possession may be found even when the defendant is not the owner of recovered narcotics. Moreover, possession may be joint, with more than one person actually or constructively possessing a controlled substance.
>
> [The] courts have frequently addressed the concept of constructive possession and the link between a defendant and narcotics that must be shown to establish constructive possession. It is well established that a person's presence, by itself, at a location where drugs are found is insufficient to prove constructive possession. Instead, some additional connection between the defendant and the contraband must be shown.
>
> Any one of various factors may be sufficient under given circumstances to establish this connection. . . . [C]onstructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the contraband. [*Wolfe*, 440 Mich at 519-521 (citations omitted).]

The element of possession requires a showing that a defendant had dominion or a right of control over the drugs with knowledge of their character and presence. *People v McKinney*, 258 Mich App 157, 165; 670 NW2d 254 (2003).

Sufficient evidence was presented to prove that defendant constructively possessed the marijuana and the cocaine. Circumstantial evidence and reasonable inferences arising from that evidence showed that defendant exercised dominion and control over the drugs. The drugs, both the cocaine and marijuana, were found by police, upon execution of a warrant, under a bed in the bedroom of a house located in Detroit. Prior to the day of the search of the house, a "source of

information" had purportedly purchased cocaine from defendant at the house, and the police had observed defendant leaving the home. When the search warrant was executed, defendant was not at the house, although his mother and brother were present, along with several young children, including defendant's son. Under the bed where the drugs were found, the police also discovered a shoebox. An officer testified that the shoebox contained "miscellaneous letters" with defendant's name on them. The entire shoebox was given a police evidence tag number, and the trial court, following requests by defense counsel, required the prosecution to bring the shoebox into court, where its contents were later admitted into evidence. Although the contents are not included in the lower court record, the trial court described them as including older and more recent cards, letters, and other documents, some from governmental entities, that referenced defendant's name and/or address, which was the address of the house where the drugs were found. Defendant does not challenge the trial court's characterization or description of the shoebox's contents. Indeed, defendant acknowledges that one of the documents in the shoebox was a cell phone service application pertaining to defendant dated just nine days before the police raid.

Defendant concedes on appeal that he resided at the house when the warrant was executed, although he was not present at that particular time. And we conclude that the contents of the shoebox found under the bed, which were tied specifically to defendant by name, and which were next to the drugs also found under the bed, provided evidence sufficient to show a nexus between defendant and the drugs and to show that he had dominion or a right of control over the drugs with knowledge of their character and presence. In sum, there was sufficient evidence that defendant had constructively possessed the marijuana and cocaine.

With respect to possession of firearms, it can be actual or constructive, and a defendant has constructive possession of a firearm when there is proximity to the weapon with indicia of control, or, stated otherwise, when the defendant knows the location of the weapon and it is reasonably accessible by the defendant. *People v Burgenmeyer*, 461 Mich 431, 438; 606 NW2d 645 (2000). In the context of a felony-firearm charge, the question is whether a defendant possessed the gun when the felony was committed, not whether the defendant possessed the firearm at the time of arrest or when a police raid occurred. *Id.* at 439. "A drug-possession offense can take place over an extended period, during which an offender is variously in proximity to the firearm and at a distance from it[,]" and in such cases, the focus must be placed on the offense dates relative to the drug charges. *Id.*

There was sufficient evidence showing that defendant constructively possessed a firearm during the commission of a felony, i.e., either possession of the marijuana or cocaine, or both, where the firearm was found in the bedroom closet located a mere three to four feet away from the bed under which the drugs and defendant-related shoebox were found. Men's clothes were also discovered in that closet. It could reasonably be inferred from all of the evidence that the closet was in defendant's bedroom, and was thus defendant's closet, and that defendant slept in the room or was otherwise present in the room at various times. Accordingly, there was sufficient circumstantial evidence of constructive possession of the firearm by defendant, given proximity to the weapon with indicia of control, or, stated otherwise, given defendant's knowledge of the location of the firearm and its easy accessibility by defendant. And the illegal drugs were present in the bedroom at the same time that the firearm was present, thereby

reflecting possession of the firearm during the commission of a felony and satisfying the elements of felony-firearm.[2]  Reversal is unwarranted.

Next, defendant argues that the trial court lacked statutory authority to impose $600 in court costs.  Defendant acknowledges that the Legislature's amendment of MCL 769.1k(1)(b) and this Court's construction of the amended statute in *People v Konopka (On Remand)*, 309 Mich App 345; 869 NW2d 651 (2015), fully defeat his appellate argument.  Instead, defendant contends that *Konopka* was wrongly decided and that we "should overrule it under MCR 7.215(J)."  First, we conclude that *Konopka* was correctly decided.  Second, even if we were so inclined, this panel cannot overrule *Konopka*; we are bound by the decision.  MCR 7.215(J)(1).  And, finally, we decline to request the convening of a special conflict panel to reconsider *Konopka*.  MCR 7.215(J)(2) and (3).  Defendant's constitutional challenges of the amended version of MCL 769.1k(1)(b) were rejected in *Konopka*, 309 Mich App at 360-376, and are thus rejected here.  Defendant seeks a ruling that simply vacates the imposition of court costs.  He does not ask for a remand for determination of the factual basis for the costs imposed, see MCL 769.1k(1)(b)(*iii*), despite a discussion and invocation of such a remedy in *Konopka.*  Accordingly, we affirm the imposition of $600 in court costs.

Finally, defendant argues that his judgment of sentence should be amended to correct a clerical error.  We agree.  Although the record reflects a series of continual misstatements regarding the nature of the cocaine offense, it is evident based on a pretrial ruling and the trial itself that defendant was convicted by the court in the bench trial of possession of less than 25 grams of cocaine, not possession of 25 to 49 grams of cocaine.  In fact, there was a stipulation at trial relative to the lab report, which showed that the weight of the cocaine was 1.28 grams.  Accordingly, we remand for the ministerial task of correcting the judgment of sentence to show a conviction for possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*), not 25 to 49 grams.

Affirmed with respect to defendant's convictions and sentences, but remanded for the ministerial task of correcting the judgment of sentence.  We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Henry William Saad
/s/ Stephen L. Borrello

---

[2] Aside from the possession element, defendant does not claim on appeal that the other elements of the two drug charges were not sufficiently proven.