# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RUDOLPH BRADLEY,

Defendant-Appellant.

UNPUBLISHED
July 12, 2016

No. 323737
Wayne Circuit Court
LC No. 11-011534-FH

Before: JANSEN, P.J., and FORT HOOD and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right his convictions, following a bench trial, of possession with intent to deliver less than 5 kilograms of marijuana, MCL 333.7401(2)(d)(*iii*), possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm) (second offense), MCL 750.227b. The trial court sentenced defendant as a habitual offender, MCL 769.13, to 3 to 15 years' imprisonment for the possession with intent to deliver conviction, 3 to 15 years' imprisonment for the felon-in-possession conviction, and five years' imprisonment for the felony-firearm (second offense) conviction. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises from the execution of a narcotics search warrant by the Detroit Police Narcotics Enforcement Team at 2182 Eastlawn Street in Detroit, Michigan on March 10, 2011. Detroit Police suspected that defendant resided at 2182 Eastlawn Street and that he was selling illegal drugs and firearms from that location. Police conducted preraid surveillance of the residence, and conducted a "trash pull" that recovered a sandwich bag with residue that tested positive for cocaine.

Defendant was found outside of the home when the search warrant was executed, and his girlfriend, Vernita Johnson, and his brother, Terence Bradley, were found inside the home. Police officers recovered several bags of marijuana and other narcotics, several firearms, several proof of residency documents addressed to defendant at the 2182 Eastlawn Street address, and a large amount of money.

At trial, Detroit Police Officer Lynn Moore testified that proof of residency documents, including a Direct TV advertisement, a state of Michigan vehicle title, and a child support payment coupon (issued by the Michigan State Disbursement Unit) addressed to defendant at

-1-

2182 Eastlawn Street, were found in the east bedroom along with men's clothing, several firearms, marijuana, ecstasy, and money, and that the drugs were packaged in a way that indicated they were for sale. Defendant's girlfriend testified that defendant had previously resided at 2182 Eastlawn Street with his brother, but had moved in with her five months before the raid, and that she had driven defendant to the Eastlawn home on the day of the raid to pick up some mail, because he had not changed his address.

Defendant was convicted as described above.[1] This appeal followed. On appeal, defendant challenges the sufficiency of the evidence underlying each of his convictions.

## II. STANDARD OF REVIEW

We review de novo a defendant's challenge to the sufficiency of the evidence. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). "When ascertaining whether sufficient evidence was presented in a bench trial to support a conviction, this Court must review the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *People v Kanaan*, 278 Mich App 594, 618; 751 NW2d 57 (2008). "Circumstantial evidence and reasonable inferences arising therefrom may be used to prove the elements of a crime." *People v Brantley*, 296 Mich App 546, 550; 823 NW2d 290 (2012). Furthermore, we "will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012) (citation omitted).

## III. ANALYSIS

Defendant contends that the prosecution failed to present sufficient evidence at trial to prove beyond a reasonable doubt the elements of possession with intent to deliver less than 5 kilograms of marijuana, felon-in-possession, and felony-firearm, because there was no evidence that he constructively possessed the marijuana or any firearm found in the 2182 Eastlawn Street home. We disagree.

### A. POSSESSION WITH INTENT TO DELIVER MARIJUANA

In order to establish possession with intent to deliver less than 5 kilograms of marijuana, the prosecution must prove beyond a reasonable doubt that "(1) defendant knowingly possessed a controlled substance, (2) defendant intended to deliver the controlled substance to someone else, (3) the substance possessed was marijuana and defendant was aware that it was, and (4) the marijuana was in a mixture that weighed less than five kilograms." *People v Williams*, 268 Mich App 416, 419-420; 707 NW2d 624 (2005). In this case, defendant only challenges whether the prosecution proved beyond a reasonable doubt that he possessed the marijuana found in the 2182 Eastlawn Street home.

---

[1] Defendant was also originally charged with possession with intent to deliver ecstasy, MCL 333.7401(2)(b)(*i*), but the felony information was amended on August 4, 2014 and the amended information excluded the ecstasy charge.

Proof of constructive possession is sufficient to satisfy the element of possession, and the prosecution need not prove actual physical possession. *People v Flick*, 487 Mich 1, 14; 790 NW2d 295 (2010). "[C]onstructive possession exists if the defendant knew that the substance was present and had the right to exercise control over it." *Williams*, 268 Mich App at 421. That is, a fact-finder may find that constructive possession exists when the totality of the circumstances indicates "a sufficient nexus between the defendant and the contraband." *People v Bylsma*, 493 Mich 17, 32; 825 NW2d 543 (2012) "Possession may be joint, with more than one individual constructively possessing the contraband, and constructive possession may be found even if the defendant is not the owner of the controlled substance." *Williams*, 268 Mich App at 421.

When viewed in a light most favorable to the prosecution, the prosecution presented sufficient evidence to support the trier of fact's finding that defendant constructively possessed the marijuana found in the east bedroom of the Eastlawn residence. Detroit Police Officer Michael Panackia received a tip that defendant was suspected of selling a large amount of drugs and firearms from the Eastlawn residence. Several proof-of-residency documents were found in the east bedroom of the home and supported defendant's residency there. Officers also found men's clothing in the east bedroom and Moore testified that the bedroom appeared "lived in." Moreover, on the day of the raid, defendant was found outside of the home.

Contrary to what defendant argues, the fact that defendant was found outside of the home on the day of the raid does not mean that there was insufficient evidence to find that defendant constructively possessed the marijuana found inside the home. Constructive possession may exist even when a defendant is present outside of the home if there is a sufficient nexus between the defendant and the contraband. *Bylsma*, 493 Mich at 31-32. In this case, there was a sufficient nexus between defendant and the marijuana found in the east bedroom.

Even if the trier of fact found defendant's theory credible, i.e., that he no longer resided at 2182 Eastlawn Street, testimony established that he still had access to the home because it was his brother's home and he visited there on occasion. Further, the mail addressed to defendant at the 2182 Eastlawn Street address, and found in the east bedroom, was circumstantial evidence that defendant was in constructive possession of the marijuana in that room. See *People v Hardiman*, 466 Mich 417, 423; 646 NW2d 158 (2002) (stating that mail addressed to the defendant and found at the location where the illegal drugs were found provided circumstantial evidence that the defendant constructively possessed the contraband found inside the home). Even though defendant argues that another man occupied the east bedroom on the day of the raid, constructive possession may be joint and need not be exclusive. *Williams*, 268 Mich App at 421. In light of the evidence presented, it was reasonable for the fact-finder to make a reasonable inference that defendant had access to the east bedroom and control over its contents, and thus, had constructive possession of the marijuana found in that room. *Id*. Therefore, the prosecution presented sufficient evidence to support a finding that defendant constructively possessed the marijuana found in the east bedroom of the 2182 Eastlawn Street residence.

## B. FELON-IN-POSSESSION AND FELONY-FIREARM

In order to prove the crime of felon-in-possession, the prosecution must prove the following elements: (1) that defendant possessed a firearm, (2) defendant was previously

convicted of a specified felony, and (3) fewer than five years had elapsed since he or she paid all fines, served all terms of imprisonment, and completed all terms of probation or parole imposed for the offense. MCL 750.224f; see also *People v Perkins*, 262 Mich App 267, 270-271; 686 NW2d 237 (2004), abrogated in part on other grounds by *People v Smith-Anthony*, 494 Mich 669 (2013).

To succeed on a felony-firearm charge, the prosecution must prove that "defendant possessed a firearm during the commission of, or in the attempt to commit, a felony." *People v Bosca*, 310 Mich App 1, 22; 871 NW2d 307 (2015) (quotation marks and citation omitted). Constructive possession is sufficient if there is circumstantial evidence that defendant "knowingly [had] the power and the intention at any given time to exercise dominion or control over a thing, either directly or through another person or persons . . . ." *Flick*, 487 Mich at 14. More specifically, in the firearms context, the prosecution need only show "there is proximity to the article together with indicia of control." *Id*. (quotation marks and citation omitted). That is, "a defendant has constructive possession of a firearm if the location of the weapon is known and is reasonably accessible to the defendant." *People v Burgenmeyer*, 461 Mich 431, 437, 439; 606 NW2d 645 (2000). Defendant argues only that he was not in constructive possession of any firearm found in the 2182 Eastlawn Street home.

A rational fact-finder could have concluded that the prosecution proved beyond a reasonable doubt that defendant constructively possessed a firearm, and did so while committing or in an attempt to commit a felony. The Court in *Burgenmeyer* specifically discussed the scenario in which a defendant is not present in a home when police recover firearms and narcotics. The *Burgenmeyer* Court held that sufficient evidence was presented to sustain the defendant's felony-firearm conviction because the drugs and weapons were in close proximity to each other and reasonably accessible to the defendant. *Id*.

In this case, Moore found a firearm under the bed in the east bedroom. As noted above, Moore also found several bags of marijuana in the room, and she testified that she believed that defendant occupied the east bedroom because it contained several proof of residency documents addressed to defendant at that address. The marijuana was found under the same bed as the firearm in the east bedroom. Because the firearm and the marijuana were in close proximity to each other, it was reasonable for the fact-finder to infer that defendant had access to and control over the marijuana and the firearm, and that defendant possessed the firearm while committing the felony of possession with intent to deliver less than 5 kilograms of marijuana. See *Burgenmeyer*, 461 Mich at 440. Accordingly, viewed in a light most favorable to the prosecution, a rational trier of fact could have concluded that defendant constructively possessed a firearm and did so while committing a felony. Thus, the prosecution presented sufficient evidence to support defendant's felon-in-possession and felony-firearm convictions.

Affirmed.

/s/ Kathleen Jansen
/s/ Karen M. Fort Hood
/s/ Mark T. Boonstra

-4-