*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAWAUN MCQUEEN,

        Defendant-Appellant.

UNPUBLISHED
December 15, 2022

No. 361783
Wayne Circuit Court
LC No. 22-000111-02-FH

Before: HOOD, P.J., and SWARTZLE and REDFORD, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the order denying his motion to quash the information charging him with possession or use of a cell phone in jail contrary to MCL 801.262a(2). On appeal, defendant argues that the bindover should have been quashed because the prosecution failed to identify him at the preliminary examination as the person who committed the alleged offense and because no evidence established that he possessed the cell phone. We reverse.

## I. FACTUAL BACKGROUND

A corporal for the Wayne County Sheriff's Department Internal Affairs division found a cell phone during a search of Ward 609, Cell 5, Bed 5. When the corporal asked to whom the cell phone belonged, the station officers said Dawaun McQueen. That led to charging defendant with violating MCL 801.262a(2) because he was not authorized to have a cell phone. At the time of the search, all of the cells were open and vacant because the inmates were all in the bullpen. Before the search, the cells had been open and accessible to all of the inmates in the ward. When the corporal testified at the preliminary examination, he failed to identify defendant who was present in the courtroom. The district court bound defendant over to the circuit court, finding probable cause that he had violated MCL 801.262a(2).

---

[1] *People v McQueen*, unpublished order of the Court of Appeals, entered August 5, 2022 (Docket No. 361783).

Defendant moved to quash the information on the ground that he was not identified as the person who inhabited Cell 5, Bed 5, and that probable cause did not exist to believe that he possessed the cell phone. The prosecution responded that probable cause existed to bind defendant over because he had been identified as the inhabitant of Cell 5, Bed 5 by the station officers and that the presence of the cell phone in that location provided enough evidence to establish probable cause that defendant committed a felony. At the hearing on the motion, the circuit court agreed that probable cause existed to bind defendant over because he inhabited the cell where the phone was found and enough evidence had been presented to find that defendant constructively possessed the cell phone. Defendant appealed.

## II. STANDARD OF REVIEW

We review for an abuse of discretion a trial court's decision regarding a motion to quash the information. *People v Burkman*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket Nos. 356600 and 356602); slip op at 7. An abuse of discretion occurs when the trial court's "decision falls outside the range of reasonable and principled outcomes." *Id*. (citation omitted). "Absent an abuse of discretion, a reviewing court should not disturb the district court's bindover decision." *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016). We review "de novo the bindover decision to determine whether the district court abused its discretion, giving no deference to the circuit court's decision." *People v Norwood*, 303 Mich App 466, 468; 843 NW2d 775 (2013) (quotation marks and citation omitted).

## III. ANALYSIS

Defendant argues that the district court abused its discretion by binding defendant over to circuit court because insufficient evidence established that defendant was the person who committed the alleged offense. Consequently, the circuit court erred in denying defendant's motion to quash the information. We agree.

"The purpose of a preliminary examination is to determine whether there is probable cause to believe that a crime was committed and whether there is probable cause to believe that the defendant committed it." *People v Perkins*, 468 Mich 448, 452; 662 NW2d 727 (2003). "At a preliminary examination, the prosecution must present evidence establishing that the defendant committed the charged offense, and the district court must find that probable cause exists to bind over a defendant for trial." *People v Fairey*, 325 Mich App 645, 648-649; 928 NW2d 705 (2018) (citation omitted). "To satisfy this burden, the prosecution must present evidence of each and every element of the charged offense, or enough evidence from which an element may be inferred." *Id*. at 649 (citation omitted). "Identity is an essential element of every crime." *Id*. (citation omitted). "Probable cause is established if the evidence would persuade a careful and reasonable person to believe in the defendant's guilt." *Id*. This evidence can be circumstantial, but must provide reasonable grounds to suspect the defendant committed the crime. *Id*. "Mere suspicion is not the same as probable cause . . . ." *Id*. at 651-652.

The only evidence on the record that defendant committed the alleged crime of possessing a cell phone in jail is the corporal's testimony that an inmate named Dawaun McQueen inhabited the jail cell where the corporal found the cell phone. The prosecution, however, presented no witness who identified defendant as the person who inhabited Cell 5. All of the prisoners were

outside during the search, so the corporal did not see any inmate in the cell where he found the cell phone. At the preliminary examination, the corporal admitted that he could not identify defendant. The lack of evidence that defendant inhabited Cell 5 illustrates a lack of probable cause that defendant committed the charged offense.

A reasonable and careful person would not find probable cause to believe defendant guilty where the prosecution presented no identification evidence beyond matching defendant's name to the cell. See *id*. at 649 (holding that probable cause is present where a reasonable and careful person would believe in the defendant's guilt). But there is nothing here that would lead a reasonable and careful person to believe that the inference creates more than a mere suspicion that defendant committed the crime. See *id*. at 651-652 (holding that a mere suspicion is not probable cause). Considering the essential nature of identifying the proper defendant, the district court's decision to bind defendant over without the foundational evidence necessary to identify defendant as the person who allegedly committed this crime fell outside of the range of principled outcomes. See *id*. at 649 (holding that "identity is an essential element of every crime"). Probable cause did not exist to bind defendant over to circuit court. Therefore, the district court abused its discretion in binding defendant over, and the circuit court improperly denied defendant's motion to quash the information.

Defendant also argues that the district court abused its discretion by binding defendant over to circuit court because probable cause did not exist to believe that defendant possessed the cell phone and that the circuit court erred in denying defendant's motion to quash the information. We agree.

Part of the purpose of a "preliminary examination is to determine whether there is probable cause to believe that a crime was committed . . . ." *Perkins*, 468 Mich at 452. In order to do so, the prosecution must present evidence for each element of the charged offense or evidence supporting an inference that an element exists. *Fairey*, 325 Mich App at 649. "Probable cause is established if the evidence would persuade a careful and reasonable person to believe in the defendant's guilt." *Id*. This evidence can be circumstantial, but must provide reasonable grounds to suspect that the defendant committed the crime, not just suspicion. *Id*. at 649, 651-652.

MCL 801.262a(2) provides: "A prisoner shall not possess or use a cellular telephone or other wireless communication device in a jail or a building appurtenant to a jail or on grounds used for jail purposes except as authorized by the person in charge of the jail." Possession can be actual or constructive. *People v Burgenmeyer*, 461 Mich 431, 438; 606 NW2d 645 (2000). "Michigan courts also have recognized that the term 'possession' includes both actual and constructive possession." *Id*. (quotation marks and citation omitted). Constructive possession requires proximity to the article and indicia of control. *Id*. Physical possession is not necessary to convict a defendant of possessing contraband; constructive possession is enough. *Id*.

Defendant was not authorized to use a cell phone. However, the corporal did not find defendant in possession of or using the cell phone, nor did the prosecution present any evidence that defendant used it at any time. The corporal found the cell phone in a box of crackers in the cell without any person around. Assuming defendant inhabited Cell 5, Bed 5, the only evidence presented that defendant constructively possessed the cell phone is that it was found in a box of crackers in his cell, near or on his bed. Such evidence would permit an inference that defendant

constructively possessed the cell phone if defendant had exclusive control of the space where the cell phone was found. The record, however, indicates that that was not the situation here. Indicia of control are needed to prove constructive possession. *Id*. Though exclusive control is not necessary to establish that defendant had constructive possession of the cell phone, the greater the access to the area that others have, the less one may infer that defendant had control or constructive possession of the cell phone. The record indicates that prisoners could travel between cells on Ward 609. No jail cell was subject to the exclusive control of its assigned inhabitant. Further, considering the number of cells on Ward 609, many inmates could have accessed Cell 5. When the corporal found the cell phone, all of the cell doors were open making Cell 5 accessible to all of the inmates on Ward 609 before the search. Under the circumstances, an equally reasonable inference could be drawn that another inmate placed the box of crackers containing the cell phone into Cell 5. The prosecution presented no evidence that defendant had possession or even knowledge of the presence of the cell phone in the cell.[2]

Notably, the prosecution does not need to prove the elements beyond a reasonable doubt to bind over a defendant, but it must present some evidence from which each element of the crime can be inferred. *People v Hamblin*, 224 Mich App 87, 92; 568 NW2d 339 (1997). The possibility that the cell was shared by multiple inmates and, more directly, the fact that the cell was open and accessible by all inmates does not support a reasonable inference that the inhabitant of the cell and bed had possession of the cell phone. Without anything more than the location of the box containing the cell phone to link defendant to the cell phone, we conclude that probable cause did not exist to believe that defendant possessed the cell phone. Therefore, the district court abused its discretion in this regard as well.

Reversed.

/s/ Noah P. Hood
/s/ Brock A. Swartzle
/s/ James Robert Redford

---

[2] The record is unclear whether the jail cells housed one inmate or multiple inmates.