# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 14, 2016

Plaintiff-Appellee,

v

No. 321049
Wayne Circuit Court
LC No. 13-009609-FH

DERRICK BLACKMON,

Defendant-Appellant.

Before: MURRAY, P.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions for possession with intent to deliver less than five kilograms of marijuana, MCL 333.7401(2)(d)(*iii*), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to 6 to 48 months' imprisonment for the possession with intent to deliver less than five kilograms of marijuana conviction and two years' imprisonment for the felony-firearm conviction. We affirm.

This case arises from defendant's arrest after Detroit Police officers executed a search warrant at a house in Detroit. Detroit Police Officers Tiffany McCrackin and Matthew Bray both saw defendant exiting the house's front door when they arrived, and Officer McCrackin saw that he held a Styrofoam coffee cup. Officer McCrackin detained defendant while the other police officers secured the home, and she discovered 23 Ziploc bags containing marijuana in the coffee cup, along with $550 in cash and two silver keys in defendant's pants pocket. The keys fit the bottom lock on the house's front door. Detroit Police officers found 42 Ziplocs containing marijuana and four firearms in plain view in the first room in the house.

## I. GREAT WEIGHT OF THE EVIDENCE

Defendant contends that the jury's verdicts were against the great weight of the evidence because the prosecution never introduced the Styrofoam cup at trial, Officer McCrackin was an incredible witness, there was no evidence tying defendant to the drugs or guns inside the home, and the jury failed to believe the defense witnesses over the prosecution's witnesses.

We review a great-weight argument to determine whether "the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result." *People v Green*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 321669); slip op at 5

-1-

(citation and quotation marks omitted). A trial court's denial of a motion for a new trial is reviewed for an abuse of discretion. *Id*.

A new trial may be granted on some or all of the issues if a verdict is against the great weight of the evidence. MCR 2.611(A)(1)(e). Generally speaking, however, conflicting testimony—even if impeached to an extent—and questions regarding witness credibility are insufficient grounds for granting a new trial because determining credibility is the jury's province. *People v Lemmon*, 456 Mich 625, 642-643, 647; 576 NW2d 129 (1998). The exception to this rule arises if the testimony was impeached to the extent that it was (1) "deprived of all probative value" so that a reasonable jury could not believe it, (2) it defied physical realities or contradicted physical laws, (3) it was patently incredible or inherently implausible, or (4) was "seriously impeached and the case was marked by uncertainties and discrepancies." *Id*. at 643-646 (citations and quotation marks omitted).

Defendant's conviction for possession with intent to deliver less than five kilograms of marijuana was not against the great weight of the evidence. To convict a defendant of that offense, the prosecution must prove beyond a reasonable doubt that "(1) defendant knowingly possessed a controlled substance, (2) defendant intended to deliver the controlled substance to someone else, (3) the substance possessed was marijuana and defendant was aware that it was, and (4) the marijuana was in a mixture that weighed less than five kilograms." *People v Williams*, 268 Mich App 416, 419-420; 707 NW2d 624 (2005).

"Intent to deliver may be proven by circumstantial evidence and also may be inferred from the amount of controlled substance possessed." *Id*. at 422 (citation and quotation marks omitted). The prosecution need only present minimal circumstantial evidence of intent to deliver due to the difficulty of proving the defendant's state of mind. *People v McGhee*, 268 Mich App 600, 623; 709 NW2d 595 (2005). This Court has held that marijuana found in small plastic bags "could suggest that the marijuana was intended to be transferred to others." *Williams*, 268 Mich App at 422.

In this case, Detroit Police officers found defendant in actual physical possession of 23 Ziploc bags containing a total of .5 grams of marijuana. Both Officer McCrackin and Officer Bray testified that the packaging method—small bags with miniscule amounts of marijuana in each—was consistent with sales, satisfying the intent element of the offense. *Id*. at 419-420, 422. The elements were established by the evidence. Nothing more was required to convict defendant of possession with intent to deliver less than five kilograms of marijuana. *Id*. at 419-420.

Defendant's fixation on the failure to produce the actual Styrofoam cup is curious. The prosecution was only required to prove the elements of the offense, not produce every tangible item associated with defendant's possession. *Id*. Defendant could have carried the marijuana in a cup, sack, box, satchel, purse, horse's saddlebag, or in nothing but his hands or pockets—what

mattered was that he possessed the drugs, not what he possessed them in. *Id*. The prosecution's "failure" to produce the cup was immaterial.[1]

Defendant's felony-firearm conviction was likewise not against the great weight of the evidence. To convict a defendant of felony-firearm, the prosecution must prove beyond a reasonable doubt "that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Johnson*, 293 Mich App 79, 82-83; 808 NW2d 815 (2011) (citation and quotation marks omitted). "[C]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011) (citation and quotation marks omitted). In a firearms context, the prosecution need only show "proximity to the article together with an indicia of control" to prove constructive possession. *People v Flick*, 487 Mich 1, 14; 790 NW2d 295 (2010). To prove that a defendant possessed a firearm while committing felony possession of a controlled substance, the prosecution must show the weapon's "proximity and reasonable accessibility" to the defendant on the date of offense. *People v Burgenmeyer*, 461 Mich 431, 437, 439; 606 NW2d 645 (2000). Possession with intent to deliver less than five kilograms of marijuana is a felony. MCL 333.7401(2)(d)(*iii*).

As just discussed, there was ample evidence to support defendant's conviction for possession with intent to deliver less than five kilograms of marijuana. Thus, to convict defendant of felony-firearm, the prosecution needed to prove only that he possessed a firearm during the commission of the felony. *Johnson*, 293 Mich App at 82-83.

Certainly, nothing in the record indicates that defendant *physically* possessed a firearm during the commission of a felony on the day of the raid. Detroit Police initially saw defendant exiting the home, however, and four different firearms were in plain view inside the residence's first room—and again, defendant had keys to the house in his pocket. Consequently, the prosecution proved constructive possession because defendant had proximity to the firearms together with an indicia of control. *Flick*, 487 Mich at 14. The firearms were also reasonably accessible to defendant—had he chosen to do so, he could have merely turned and reentered the house, walked three or four steps, and taken the .38-caliber handgun from the coffee table, and the long guns were only slightly farther away in the same room. *Burgenmeyer*, 461 Mich at 437, 439. And as with the marijuana, the facts that others could have been found in possession of the firearms and that Clement claimed to own all of the weapons did not preclude a finding that defendant also possessed them. *People v Bylsma*, 493 Mich 17, 32; 825 NW2d 543 (2012).

Defendant fails to otherwise establish that a reasonable jury could not believe the testimony supporting his felony-firearm conviction or that the testimony defied physical realities or contradicted physical laws, was patently incredible or inherently implausible, or was

---

[1] In any event, the parties stipulated to a report from the Michigan State Police laboratory that specifically involved "23 plastic zip-lock plastic packets each contained [plant] material *and one cup empty*," and Officer McCrackin testified that she saw the cup and the marijuana inside. Although there was conflicting evidence, the jurors were entitled to resolve witness credibility as they saw fit. *Lemmon*, 456 Mich at 642-643, 647.

-3-

"seriously impeached and the case marked by uncertainties and discrepancies." *Lemmon*, 456 Mich at 643-646. Accordingly, the evidence preponderates heavily for the two guilty verdicts against him, and the verdicts did not constitute a serious miscarriage of justice. *Green*, ___ Mich App at ___; slip op at 5.

## II. PROSECUTORIAL ERROR

Defendant contends that the prosecutor committed misconduct—or more precisely, error—by stating during closing argument that Officer Bray saw him with a cup because the statement was false and prejudicial and because the judge failed to give a cautionary instruction.[2]

A defendant must "contemporaneously object and request a curative instruction" to preserve an issue of prosecutorial error for appellate review. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Defense counsel did not object to the prosecutor's statement that Officer Bray saw defendant with a cup in his hand. Thus, the issue is not preserved for appellate review.

We review unpreserved claims of prosecutorial error for plain error affecting substantial rights. *People v Gaines*, 306 Mich App 289, 308; 856 NW2d 222 (2014). To show plain error, a defendant must establish that "1) error . . . occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An error affects the defendant's substantial rights if it prejudiced the defendant by affecting the outcome of the trial. *Id*. Even if a defendant can satisfy all three requirements, appellate reversal is warranted only when the plain error resulted in the conviction of an actually innocent defendant or when the error seriously affected the "fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. (citation and quotation marks omitted).

"The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial." *People v Brown*, 294 Mich App 377, 382; 811 NW2d 531 (2011). Generally, however, a court gives a prosecutor "great latitude regarding his or her arguments and conduct at trial." *People v Fyda*, 288 Mich App 446, 461; 793 NW2d 712 (2010). Thus, a prosecutor is "generally free to argue the evidence and all reasonable inferences from the evidence as it relates to [his or her] theory of the case[,]" *People v Unger*, 278 Mich App 210, 236; 749 NW2d 272 (2008), and need not confine her arguments to the blandest terms possible, *Bennett*, 290 Mich App at 475. A prosecutor, however, may not make a statement of fact to the jury that is unsupported by evidence presented at trial, nor may the prosecutor argue the effect of testimony that was not entered into evidence. *Unger*, 278 Mich App at 241. Finally, "[c]urative instructions are sufficient to cure the prejudicial effect of most inappropriate prosecutorial statements[,]" *People v Seals*, 285 Mich App 1, 22; 776 NW2d 314 (2009), and a jury is

---

[2]We note that the comment defendant complains of on appeal is more properly classified as prosecutorial error rather than prosecutorial misconduct. See *People v Cooper*, 309 Mich App 74, 87; 867 NW2d 452 (2015) (generally limiting prosecutorial misconduct to "instances of illegal conduct, fraud, misrepresentation, or violation of the rules of professional conduct").

-4-

presumed to follow the trial court's instructions, *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003).

The prosecutor's statement did not constitute error. As an initial matter, it is by no means clear that the prosecutor strictly argued that Officer Bray had testified to seeing a cup in defendant's hand. Given Officer Bray's brief testimony indicating that he saw defendant leaving through the front door, his statement that "[m]y direction was not towards [defendant][,]" and his testimony regarding his role as the "halogen" man in the raid team rather than as someone responsible for securing suspects outside the house, the prosecutor's statement could very easily be understood to mean (1) Officer Bray saw defendant as they approached the house, (2) defendant, as noted by Officer McCrackin, actually had a coffee cup in his hand, but (3) that detail was *not* Officer Bray's focus.

Assuming that the statement equated to an affirmative argument that Officer Bray had seen a coffee cup, however, it still did not constitute error. Defendant fails to explain how the prosecutor's statement deprived him of a fair and impartial trial, particularly—cup or no cup—when Officer McCrackin arrested defendant in physical possession of marijuana and constructive possession of the marijuana and firearms in the house. *Brown*, 294 Mich App at 382. Nor did the evidence fail to support the prosecutor's statement that defendant had a coffee cup in his hand, despite her apparent misattribution—indeed, Officer McCrackin's testimony directly established that fact, and the stipulated laboratory report indirectly supported her testimony. *Unger*, 278 Mich App at 241. Defendant argues that Officer McCrackin was an incredible witness, but the jury determined otherwise, and we will not disturb that credibility determination on appeal. *Lemmon*, 456 Mich at 647.

Moreover, despite defendant's protestations to the contrary, the trial judge's instructions to the jury cured any potential error. The judge instructed the jurors that the lawyers' statements, arguments, and questions were not evidence and that they should "only accept things that the lawyers say that are supported by the evidence or by your own common sense and general knowledge." Defendant fails to rebut the presumption that this instruction was sufficient to cure the potential error or demonstrate that the jurors failed to follow it. *Seals*, 285 Mich App at 22; *Abraham*, 256 Mich App at 279. Consequently, he fails to establish plain error affecting his substantial rights. *Gaines*, 306 Mich App at 308.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant contends that his counsel was ineffective for failing to object to the prosecutor's statement regarding Officer Bray's testimony about the cup, reinforcing the prosecutor's "misconduct" by making his own erroneous statement about the cup, stipulating to admission of the laboratory report, and failing to present Clement's door or lock as evidence and call Noel Putman as a witness.

"A claim of ineffective assistance of counsel presents a mixed question of law and fact." *Brown*, 294 Mich App at 387. "This Court reviews a trial court's findings of fact, if any, for clear error, and reviews de novo the ultimate constitutional issue arising from an ineffective assistance of counsel claim." *Id*. A finding is clearly erroneous if "the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Lopez*, 305 Mich

App 686, 693; 854 NW2d 205 (2014) (citation and quotation marks omitted). Despite the fact that defendant preserved the issue, our review is limited to errors apparent on the record because no *Ginther*[3] hearing was ever conducted. *People v Mack*, 265 Mich App 122, 125; 695 NW2d 342 (2005).

"To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that his attorney's performance was objectively unreasonable in light of prevailing professional norms; and (2) that he was prejudiced by the deficient performance." *People v Walker*, 497 Mich 894, 895; 855 NW2d 744 (2014). To show prejudice, a defendant "must demonstrate a reasonable probability that but for counsel's errors, the result of the proceedings would have been different." *Gaines*, 306 Mich App at 300 (citation and quotation marks omitted). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012) (citation and quotation marks omitted). More specifically, there is a strong presumption that defense counsel employed effective trial strategy, *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009), and "[w]e will not substitute our judgment for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence," *Unger*, 278 Mich App at 242-243. "A particular strategy does not constitute ineffective assistance of counsel simply because it does not work." *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004). The defendant bears the burden of establishing the factual predicate for a claim of ineffective assistance of counsel. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

Defendant first argues that counsel was ineffective for failing to object to the prosecutor's statement about the cup during her closing argument. As discussed earlier, it is far from clear that the trial judge would have sustained an objection to the exceedingly minor and somewhat unclear statement. But assuming (1) that the circumstances warranted an objection, (2) counsel's failure to object could be classified as something other than trial strategy, and (3) the failure fell below an objective standard of reasonableness—none of which defendant has established— defendant fails to show prejudice. *Walker*, 497 Mich at 895; *Payne*, 285 Mich App at 190. In spite of defendant's preoccupation with the Styrofoam cup, the record does not demonstrate that the item's presence or absence made the slightest difference in the case's outcome. *Gaines*, 306 Mich App at 300. The jury convicted defendant of possession with intent to deliver less than five kilograms of marijuana because Officer McCrackin found marijuana on his person, not because she found him with marijuana *in a cup*. Objecting to the prosecutor's statement may have infinitesimally affected the prosecutor's credibility with the jury, but the evidence strongly supported the jurors' guilty verdict. Defendant thus fails to demonstrate that counsel's failure to object prejudiced him. *Walker*, 497 Mich at 895.

Regarding defense counsel's own statements about the cup during his closing argument, he declared that "[O]fficer Bray who was seated behind [Lieutenant White] testified that

---

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

allegedly he saw my client come out the front door with a coffee cup in his hand as well as Officer McCrackin who traveled behind the raid van." This was inaccurate because Officer Bray did not so testify. Shortly before that, however, counsel told the jury:

> And [Officer McCrackin] testified that my client when they pulled up in the raid van as well as her police vehicle she just happened to see my client walk out of the house with a white cup in his hand and it turned out to be marijuana that's a lie.

> My client did not walk out of the house on [] Grayfield with a coffee cup in his hand at all that's a lie.

Thus, while defense counsel may have mistakenly attributed testimony about the cup to both Officer McCrackin and Officer Bray, he simultaneously argued that the cup did not exist in the first place and that *any* testimony about it was a lie. Assuming that the misattribution fell below an objective standard of reasonableness, defendant fails to show how it prejudiced him, particularly when the crux of defense counsel's argument on the issue was that the police fabricated the notion of the cup entirely from thin air. *Walker*, 497 Mich at 895.

Likewise, counsel's stipulation to the laboratory report did not constitute ineffective assistance. Stipulation to Michigan State Police laboratory reports is common in controlled-substance cases, and nothing in the record demonstrates that it was unwarranted in this case. Further, had counsel refused to stipulate to the report, the prosecutor would simply have called as witnesses the laboratory personnel who prepared it, and there is no evidence to suggest that the Michigan State Police would have somehow been unable to produce the much-ballyhooed cup. Defendant thus fails to establish either prong of his ineffective-assistance claim on this particular point. *Walker*, 497 Mich at 895.

Defense counsel was also not ineffective for failing to produce Clement's door, or the door's lock apparatus, to show that Officer McCrackin was lying when she testified that the keys she found in defendant's pocket fit the door. Provided that defense counsel makes a complete investigation of the evidence, the decision regarding what evidence to present is a matter of trial strategy. *Wiggins v Smith*, 539 US 510, 521-522; 123 S Ct 2527; 156 L Ed 2d 471 (2003). From the record, the only evidence regarding the keys was Officer McCrackin's testimony that she seized them from defendant and they fit the door's bottom lock—testimony contradicted by Clement, who stated that the keys had been in the lock all day and fit the door's top lock, not the bottom one. Defense counsel may have quite sensibly opted not to push the point further, given that the most defendant could hope for was that Officer McCrackin had been mistaken about which lock the keys fit. As a result, defendant fails to establish that counsel's strategy in this regard fell below an objective standard of reasonableness or prejudiced him by affecting the trial's outcome. *Walker*, 497 Mich at 895.

Finally, defendant asserts that counsel was ineffective for failing to call Putman, whom Clement testified was in the house with him, as a witness. "In general, the failure to call a witness can constitute ineffective assistance of counsel only when it deprives the defendant of a substantial defense." *Payne*, 285 Mich App at 190 (citation and quotation marks omitted). A substantial defense is one that could have made a difference in the trial's outcome. *People v*

*Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). Putman may have indeed been in the house, but it is not apparent from the record what he would have testified to, whether he would have been willing to testify, or why his testimony would have made a difference when the jury emphatically discounted Clement's version of events. Defendant therefore fails to establish the factual predicate for his claim, *Hoag*, 460 Mich at 6, and he fails to successfully rebut the presumption that counsel employed effective trial strategy, *Payne*, 285 Mich App at 190. Moreover, we cannot discern how Putman's testimony would have made a difference in the trial's outcome. The jurors heard from three witnesses in defendant's favor, and all three presented testimony that contradicted the police officers' testimony to varying degrees. The jurors roundly rejected that testimony in favor of the prosecution witnesses. It is not apparent from the record that Putman's testimony would have changed the jurors' minds, and defendant accordingly fails to establish ineffective assistance of counsel on this point. *Walker*, 497 Mich at 895.

   Affirmed.

              /s/ Christopher M. Murray
              /s/ Cynthia Diane Stephens
              /s/ Michael J. Riordan